**BLANK ROME LLP**
Jeffrey N. Rosenthal
Thomas P. Cialino
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5553
Facsimile: (215) 832-5553
jeffrey.rosenthal@blankrome.com
thomas.cialino@blankrome.com

*Attorneys for Defendant, Pro Source Lending Group LLC,
d/b/a Fast Fund Group, d/b/a Fast Funds Group*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James E. Shelton, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group,<br><br>Defendant. | Civil Action No.: 2:24-cv-04394-GAM |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION
### TO DISMISS PLAINTIFF'S COMPLAINT

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. PLAINTIFF'S COMPLAINT ........................................................................................ 2

III. LEGAL STANDARDS .................................................................................................. 4

   A. Rule 12(b)(1), Lack of Subject-Matter Jurisdiction ............................................. 4

   B. Rule 12(b)(6), Failure to State a Claim Upon Which Relief Can Be Granted ..... 5

IV. ARGUMENT .................................................................................................................. 6

   A. Count I of the Complaint Must Be Dismissed Because Plaintiff the TCPA's Do-Not-Call Protections Do Not Cover Business-to-Business Calls ........................... 6

   B. Plaintiff Fails to State an Internal Do-Not-Call Claim Under Section 227(b) of the TCPA .................................................................................................................. 10

V. CONCLUSION ............................................................................................................. 12

170591.00002/150978294v.1

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................6, 11, 12

*Bank v. Indep. Energy Grp. LLC*,
  No. 12-CV-1369, 2015 WL 4488070 (E.D.N.Y. July 23, 2015) ......................................7, 8, 9

*Barton v. LeadPoint Inc.*,
  Nos. 22-35130 and 22-35691, 2023 WL 4646103 (9th Cir. July 20, 2023) ..........................7, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .........................................................................................................6

*FW/PBS, Inc. v. Dallas*,
  493 U.S. 215 (1990) .......................................................................................................4, 5

*Gould Electronics Inc. v. U.S.*,
  220 F.3d 169 (3d Cir. 2000) ..............................................................................................3

*Intern., Inc. v. Static Control Components, Inc.*,
  134 S. Ct. 1377 (U.S. 2014) ..............................................................................................5

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
  458 F.3d 244 (3d Cir. 2006) ..............................................................................................8

*Leyse v. Bank of America Nat. Ass'n*,
  804 F.3d 316 (3d Cir. 2015) ..............................................................................................5

*Long v. SEPTA*,
  903 F.3d 312 (3d Cir. 2018) ..............................................................................................4

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .........................................................................................................4

*Pryor v. NCAA*,
  288 F.3d 548 (3d Cir. 2002) ..............................................................................................3

*In the Matter of Rules and Regulations Implementing the Telephone Consumer
  Protection Act of 1991*,
  Report and Order and Further Notice of Proposed Rulemaking, CG Docket
  No. 02-278, 2024 WL 668031, (Feb. 15, 2024) ................................................................11

*Shelton v. Target Advance LLC*,
  No. CV 18-2070, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019) (Quiñones
  Alejandro, J.) ................................................................................................................ passim

*Simmons v. Charter Commc'ns, Inc.*,
  222 F. Supp. 3d 121 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) ........................11

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ..................................................................................................... 4

*Susinno v. Work Out World Inc.*,
  862 F.3d 346 (3d Cir. 2017) ............................................................................................. 5

*Worsham v. Disc. Power, Inc.*,
  No. CV RDB-20-0008, 2021 WL 50922 (D. Md. Jan. 6, 2021), *amended*, No.
  CV RDB-20-0008, 2021 WL 1390310 (D. Md. Apr. 13, 2021) ........................................... 7, 8

*Zion v. Nassan*,
  777 F.Supp.2d 388 (W.D. Pa. 2010) ................................................................................ 3

**Statutes**

47 U.S.C.
  § 64.1200(d) ................................................................................................................... 2
  § 227 .......................................................................................................................... 2, 8
  § 227(b)(1)(A)(iii) ........................................................................................................... 8

*Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23
  FCC Rcd. 9779, 9785 (June 17, 2008) ............................................................................... 6

**Other Authorities**

16 C.F.R. § 310.6(b)(7) ...................................................................................................... 6

47 C.F.R.
  § 64.1200 ................................................................................................................. 1, 12
  § 64.1200(c)(2) .............................................................................................................. 7
  § 64.1200(d) ............................................................................................................ 10, 11
  § 64.1200(d)(1) ............................................................................................................. 10
  § 64.1200(d)(2) ............................................................................................................. 10
  § 64.1200(d)(3) ........................................................................................................ 10, 11
  § 64.1200(d)(4) ............................................................................................................. 10
  § 64.1200(d)(5) ............................................................................................................. 10
  § 64.1200(d)(6) ............................................................................................................. 10

170591.00002/150978294v.1

Fed. R. Civ. Proc.
§ 8..................................................................................................................................................6
§ 8(a)(2) ........................................................................................................................................5
§ 12(b)(1) ..................................................................................................................................1, 4
§ 12(b)(6) ..................................................................................................................................1, 5

170591.00002/150978294v.1

Defendant, Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group ("Defendant"), through its undersigned counsel, hereby moves that Plaintiff, James Shelton's ("Plaintiff"), *Complaint*, ECF No. 1, be dismissed with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction. Alternatively, the case should be dismissed with prejudice under Rule 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.

## I.      INTRODUCTION

Plaintiff filed this lawsuit on August 22, 2024, alleging that Defendant made unsolicited phone calls to him and sent unsolicited text messages in or around July 2024.  Based on this, Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"), the National Do Not Call Registry ("NDNC"), and the statute's implementing regulations (47 C.F.R. § 64.1200). As set forth more fully below, each of Plaintiff's claims fail as a matter of law and must be dismissed because he used the telephone number at issue (the "Phone Number") for business purposes, and further, held this number out to the world as a business number.  In fact, this Court previously dismissed a nearly identical series of TCPA claims that Plaintiff asserted, and that also arose out of similar alleged calls placed to the same Phone Number.  *See Shelton v. Target Advance LLC*, No. CV 18-2070, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019) (Quiñones Alejandro, J.).

Specifically, this Court held Plaintiff lacked standing to assert a TCPA claim arising out of the defendant's alleged calls to the Phone Number because Plaintiff used this number for business purposes and could not seek to register it on the NDNC. *Id*. at *6.  Defendant respectfully submits that this Court follow the same reasoning employed in *Shelton* to dismiss the claims set forth by Plaintiff—a professional litigant who has filed dozens of TCPA lawsuits, and continues to do so year after year—as the Court lacks subject matter jurisdiction, and because Defendant's alleged calls to a number used for business purposes cannot give rise to a viable claim as a matter of law.

## II.     PLAINTIFF'S COMPLAINT

Plaintiff alleges he received eight communications from Defendant on July 22, 2024, and July 23, 2024—including five calls that were allegedly made and three text messages that were allegedly sent to his cellphone.  ECF No. 1 ¶¶ 29-37.  Plaintiff alleges that he uses the cellphone at issue "for personal, residential, and household reasons," that "he does not use the number for business reasons or business use," and contends that this number was also placed on the NDNC in 2015.  *Id*. at ¶¶ 21-25.  While Plaintiff describes the telephone number at issue as "(484) XXX-XXXX," (ECF No. 1 at ¶ 21), his counsel confirmed via email that "Mr. Shelton's full number on which he received the calls is (484) 626-3942."  *See* Declaration of Thomas Cialino ("Cialino Dec.") at ¶5.

In describing the calls that Defendant allegedly made, Plaintiff claims that Defendant was "attempting to sell him loans" and that it subsequently sent him an email enclosing a proposed loan application.  ECF No. 1 ¶¶ 28-30.  Plaintiff contends that he declined to sign the application and that he told Defendant that he did not wish to receive additional calls.  *Id*. at ¶¶ 30-36.  In the two-count Complaint, Plaintiff asserts: (1) a claim arising out of 47 U.S.C. § 227 based upon Defendant's alleged calls to a telephone number listed on the NDNC; and (2) a claim arising out of § 227 based upon Defendant's purported violation of 47 U.S.C. § 64.1200(d).  *Id*. at ¶¶ 53-62.

Crucially, Plaintiff's allegation that he uses the Phone Number for purely residential reasons and not for business purposes is contradicted by this Court's findings in *Shelton*.  In *Shelton*, Plaintiff filed a Complaint and an Amended Complaint wherein he asserted a series of TCPA claims arising out of allegedly improper calls that the defendant made to the Phone Number.

Cialino Dec. at Ex. A.[1]  When the defendant filed a motion to dismiss the amended complaint, it included a screenshot from a website for Plaintiff's judgment collection business titled *Final Verdict Solutions* that contained the following message confirming that Plaintiff utilized the Phone Number for business purposes:

> If you are reading this website, you are most likely a telemarketer that has illegally called my phone.
>
> You are going to be sued.
>
> I played along with your telemarketer script in order to find out who you really are. Now I am going to sue you for violating 47 U.S.C. § 227.
>
> Have a nice day. Put **484-626-3942** on your do not call list. Send me a copy of your do not call policy and hire a really good lawyer.

Cialino Dec. Ex. B at p.11 (emphasis added).

As set forth more fully below, this Court agreed with the defendant and held that Plaintiff lacked standing to assert a TCPA claim arising out of the defendant's alleged calls to a number on the NDNC because he used the Phone Number in connection with Final Verdict Solutions.  2019 WL 1641353 at *6.  This Court noted that Final Verdict Solutions had the sole purpose of luring

---

[1] In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court is permitted to review documents outside the four corners of the plaintiff's pleading. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000).

To the extent the Court considers this Motion under the alternative ground for failure to state a claim, this Court may still review the documents included with the Cialino Declaration without converting the instant motion into one for summary judgment.  "Generally speaking, a trial court has the discretion to address evidence outside the complaint when ruling on a motion to dismiss." *Pryor v. NCAA*, 288 F.3d 548, 559 (3d Cir. 2002).  The Court may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached" to the complaint. *Id*. at 560.  In addition, the Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Zion v. Nassan*, 777 F.Supp.2d 388, 395 (W.D. Pa. 2010).

Each of the documents attached to the Cialino Declaration are matters of public record, are indisputably authentic, and form the basis of Plaintiff's claims.  Accordingly, this Court may consider all the documents attached to the Cialino Declaration without converting this motion into a motion for summary judgment.

3

business-to-business telemarketers into calling the Phone Number—which was held out to the world as a business number—so that Plaintiff could bring TCPA actions against the telemarketers that called him. *Id*. at *5. In addition, this Court stated that Final Verdict Solutions had obtained hundreds of thousands of dollars in judgments, and that Plaintiff had filed at least 29 civil actions seeking relief under the TCPA as of 2019. *Id*.; *see also* Cialino Dec., Ex. C.

By luring Defendant into calling a business number in order to manufacture yet another series of TCPA claims, Plaintiff followed the same playbook he employed in *Shelton*. Thus, Defendant respectfully submits that this Court should follow the same reasoning set forth in dismissing Plaintiff's claims in *Shelton,* grant the instant motion in its entirety, and dismiss the instant Complaint, with prejudice.

### III.   LEGAL STANDARDS.

#### A.   Rule 12(b)(1), Lack of Subject-Matter Jurisdiction.

The power of the judiciary, rooted in Article III of the United States Constitution, "extends only to 'Cases' and 'Controversies.'" U.S. CONST., art. III, § 2; *Long v. SEPTA*, 903 F.3d 312, 320-21 (3d Cir. 2018) (*quoting Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff invoking federal jurisdiction bears the burden of establishing the "irreducible constitutional minimum" for standing by demonstrating: (1) an injury-in-fact; (2) fairly traceable to the challenged conduct of the defendant; and (3) likely to be redressed by a favorable judicial decision. *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at 560-61). The existence of Article III standing often turns on the injury-in-fact element. *Spokeo*, 136 S. Ct. at 1547. Plaintiff, as the party invoking federal jurisdiction, has the burden of demonstrating each element. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

To establish an injury-in-fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (*quoting* Lujan, 504 U.S. at 560). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal citations omitted). To be "concrete," an injury must be "real" as opposed to "abstract," but it need not be "tangible." *Id.* at 1548-49. "When one sues under a statute alleging 'the very injury [the statute] is intended to prevent,' and the injury 'has a close relationship to a harm ... traditionally ... providing a basis for a lawsuit in English or American courts,' a concrete injury has been pleaded." *Susinno v. Work Out World Inc.*, 862 F.3d 346, 348-49 (3d Cir. 2017) (alterations in original) (*quoting In re Horizon Healthcare Srvs. Inc. Data Breach Litig.*, 846 F.3d 625, 639-40 (3d Cir. 2017)).

Separate and apart from constitutional standing, courts have recognized under the doctrine of statutory standing that the "presumption that a statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Leyse v. Bank of America Nat. Ass'n*, 804 F.3d 316, 324 (3d Cir. 2015) (quoting *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014)). The U.S. Supreme Court has noted that "[r]ead literally, the broad language [of a statute] might suggest that an action is available to anyone who can satisfy the minimum requirements of Article III," but found it unlikely that "Congress meant to allow all factually injured plaintiffs to recover." *Lexmark*, 134 S. Ct. at 1388. When considering standing under a statutorily created cause of action, the breadth of the zone of interests depends on the provisions and purposes of the statute being analyzed." *Leyse*, 804 F.3d at 324.

**B.     <u>Rule 12(b)(6), Failure to State a Claim Upon Which Relief Can Be Granted.</u>**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual

5

allegations" are not required at this stage, Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To wit, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.*

Although the Court must accept all *factual* allegations as true, that "tenet . . . is inapplicable to legal conclusions." *Id.* Critically, *Iqbal* requires a plaintiff provide factual allegations that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. The claim must be more than conceivable and must instead be facially plausible. *Twombly*, 550 U.S. at 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not show[n] [] 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

### IV. ARGUMENT.

#### A. Count I of the Complaint Must Be Dismissed Because Plaintiff the TCPA's Do-Not-Call Protections Do Not Cover Business-to-Business Calls.

Plaintiff's Do-Not-Call claim under the TCPA fails, both for lack of statutory standing and for failing to state a claim, because he holds the Phone Number out to the public as a business number and the TCPA's Do-Not-Call protections do not apply to such business-to-business calls. 16 C.F.R. § 310.6(b)(7) (exempting from liability, "[t]elephone calls between a telemarketer and any business"). Specifically, the Federal Trade Commission does not consider calls made to business numbers on the NDNC to be violations of the rules implemented under the TCPA. *See*

*Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 9779, 9785 (June 17, 2008).  In addition, Section 64.1200(c)(2) prohibits telephone solicitations to "[a] ***residential telephone subscriber*** who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."  *See* 47 C.F.R. § 64.1200(c)(2) (emphasis added).

Thus, a consumer does not have standing and thus cannot assert a cause of action under the TCPA when the number that received the calls or texts prompting an action is not a residential phone number.  *Barton v. LeadPoint Inc.*, Nos. 22-35130 and 22-35691, 2023 WL 4646103, at *1 (9th Cir. July 20, 2023).  Even when a telephone number is used for both residential and business purposes, if the subscriber of a telephone number holds out such "number to the general public as a business line, the line should not be considered 'residential' for the purposes of the TCPA—even if it is registered as 'residential' with the telephone company."  *See Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369, 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015); *see also Worsham v. Disc. Power, Inc.,* No. CV RDB-20-0008, 2021 WL 50922, at *4 (D. Md. Jan. 6, 2021), *amended*, No. CV RDB-20-0008, 2021 WL 1390310 (D. Md. Apr. 13, 2021) (holding that a mixed use telephone number is a business number even if it is used primarily for residential purposes).

Importantly, this Court has already held that Plaintiff lacks standing to assert a TCPA claim arising out of this Phone Number because Plaintiff held it out to the world as a business phone number and thus could not register it on the NDNC for purposes of avoiding business-to-business calls.  2019 WL 1641353, at *6.  While Plaintiff alleged that the Phone Number was used solely for personal reasons, this Court found that Plaintiff used this number for business purposes—*i.e.*,

his judgment collection business called Final Verdict Solutions. *Id*. at *1.[2] This Court then held that Plaintiff did not have standing to bring claims predicated on 47 U.S.C. § 227's prohibition on sales calls to telephone numbers listed on the NDNC because business numbers are not permitted to be registered therein. *Id*. at *6. In finding that Plaintiff lacked Article III standing to assert his claims, this Court observed that "Plaintiff has not suffered an injury-in-fact by way of receiving business-to-business robocalls on a phone number he registered on the [NDNC]." *Id*. Plaintiff is precluded from relitigating this issue.[3]

Similarly, in *Worsham*, the court followed *Shelton* and dismissed Plaintiff's TCPA claims arising out of the defendant's allegedly unlawful calls to a telephone number that he registered on the NDNC. 2021 WL 50922, at *4. Namely, the court held that the plaintiff could not register his business phone number with the NDNC for the purposes of avoiding business-to-business calls and that there could be no violation of the TCPA on the basis of the calls that gave rise to his claims. 2021 WL 50922, at *4; *see also Bank*, 2015 WL 4488070, at *2 (entering summary judgment in favor of defendant on TCPA claim because the plaintiff held out the subject telephone

---

[2] Although this Court did not specify the telephone number at issue in its decision, there can be no dispute that the parties' dispute pertained to the Phone Number given that it was the number that Plaintiff referenced in his pleadings and that the defendant identified in its motion to dismiss. Cialino Dec. at Exs. A, B.

[3] While the Court did permit Plaintiff's "robocall" claims under 47 U.S.C. § 227(b)(1)(A)(iii) to proceed, it dismissed Plaintiff's DNC claims for lack of standing. Plaintiff asserts DNC claims in this case and therefore Plaintiff is precluded from rearguing that he has standing to bring DNC claims for his business line. Under Third Circuit law, collateral estoppel applies when: (1) the identical issue was previously adjudicated, (2) that issue was actually litigated, (3) the previous determination was necessary to the decision and (4) the party being precluded from relitigating the issue was fully represented in the prior action. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006); *see also id.* (describing the inquiry as looking to whether the party being precluded had a "full and fair opportunity" to litigate the contested issue in the previous action and whether that issue was decided by a "final and valid judgment."). Here: (1) this Court already adjudicated the question of whether Plaintiff's Phone Number confers standing to assert a DNC claim; (2) Plaintiff had the opportunity to brief the issue in the prior litigation and thus the question was actually litigated; (3) the Court's determination that Plaintiff used the Phone Number for business meant that as a matter of law "Plaintiff has not suffered an injury-in-fact;" and (4) Plaintiff was represented by counsel, Reo Law LLC and Morrow & Artim, P.C., as reflected in the opinion.

number to the public as a business line); *Barton*, 2023 WL 4646103, at *1 (affirming district court's dismissal of the plaintiff's TCPA claim because he only used the telephone number for litigation purposes and a reasonable observer likely would not think that he had legitimate privacy concerns regarding that number).

Based upon the information supplied herein and that this Court considered in dismissing Plaintiff's claims in *Shelton*, it is indisputable that Plaintiff held the Phone Number out to the world as a *business* number. Namely, the website that Plaintiff maintained for Final Verdict Solutions provided the following information regarding the Phone Number:

> If you are reading this website, you are most likely a telemarketer that has illegally called my phone.
>
> You are going to be sued.
>
> I played along with your telemarketer script in order to find out who you really are. Now I am going to sue you for violating 47 U.S.C. § 227.
>
> Have a nice day. Put **484-626-3942** on your do not call list. Send me a copy of your do not call policy and hire a really good lawyer.

Cialino Dec., Ex. B at p. 11 (emphasis added).

Plaintiff held the Phone Number out as a business number.[4] And this was the number Defendant allegedly called. Accordingly, Plaintiff was not permitted to register the Phone Number on the NDNC for purposes of avoiding business-to-business calls; he cannot now assert a TCPA claim against Defendant arising out of the calls that it allegedly placed to him. Moreover, even if

---

[4] Sometime after this Court's ruling in *Shelton* holding that the Phone Number was a non-actionable business line, Plaintiff appears to have removed it from the Final Verdict Solutions website. But that does not change the fact it was finally determined Plaintiff used the Phone Number as a non-actionable business line as recently as 2019. In fact, this Court's ruling in *Shelton* also means that it was improper for Plaintiff to have *ever* added it to the NDNC back in 2015. *See* ECF No. 1 at ¶ 25 ("Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there in 2015[.]"). And Plaintiff has not alleged that he ever *re*-registered the Phone Number thereafter. This too undermines his DNC claims.

9

Plaintiff does allegedly use the Phone Number for both residential and business purposes, that too is insufficient to save his claim. *See, e.g., Bank*, 2015 WL 4488070, at *2.

The fact that Plaintiff held the Phone Number out to the public as a business number is what prompted Defendant to allegedly contact him regarding potential financing services for his business—something that Plaintiff readily concedes. ECF No. 1 at ¶ 38 (stating that "[a]ll the calls and text messages were sent to attempt to sell the Plaintiff loans"). Defendant's alleged offer to help him apply for a business loan demonstrates that these purported communications were directed to Plaintiff's ***business*** use of the Phone Number and not for a residential subscriber. In addition, Plaintiff should not be rewarded for his all-too-familiar behavior of acting as a professional litigant and following his formulated business model to encourage callers to call his telephone number so that he can later sue them under the TCPA. Because Plaintiff held the Phone Number out as a business number, he has not suffered an injury-in-fact because of Defendant's alleged calls. He thus lacks standing to assert the claims set forth in the Complaint. As a result, Count I should be dismissed, with prejudice.

### B. Plaintiff Fails to State an Internal Do-Not-Call Claim Under Section 227(b) of the TCPA.

Plaintiff's claim that Defendant violated an unspecified subsection of 47 C.F.R. §64.1200(d) (Count II) must also fail. Subsection 64.1200(d) of the implementing regulations of the TCPA requires an entity to institute procedures for maintaining a list of ***residential telephone subscribers*** who request not to receive telemarketing calls from the entity prior to making a call for telemarketing purposes. *See* 47 C.F.R. § 64.1200(d). The entity must have a written policy that is available upon demand, train personnel on the procedures, record the do-not-call requests and honor the requests within 30 days, identify the individual caller and any affiliated parties, and maintain a do-not-call list. *Id*. § 64.1200(d)(1)-(6).

As an initial matter and as set forth more fully *supra*, Plaintiff's claims in Count II are ripe for dismissal because he cannot show he is a "residential telephone subscriber." In addition, companies are permitted a reasonable amount of time—up to 30 days—to honor a person's do-not-call request. *See* 47 C.F.R. § 64.1200(d)(3); *see also Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 130 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) ("Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.").

Here, Plaintiff pleads that Defendant first contacted him on July 22, 2024, and that he requested that Defendant no longer contact him on that same day. ECF No. 1 ¶ 28-30. After his request, Plaintiff claims he received a handful of texts—all sent within 24 hours of the alleged stop request. *Id.* ¶¶ 31-37. Thus, even if these calls were made and texts were sent after Plaintiff's requested no further contact, they were still placed within 24 hours of said request—well within the permitted time for entities to honor such requests. Thus, Plaintiff's internal do-not-call claim fails as a matter of law because Defendant had up to 30 days to honor any such request.[5]

Separately, Plaintiff's internal do-not-call claim fails because it merely recites the various

---

[5] Effective April 11, 2025, the FCC will "amend [its] rules to require that callers honor company-specific do-not-call and revocation-of-consent requests within a reasonable time from the date that the request is made, not to exceed 10 business days after receipt of the request." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order and Further Notice of Proposed Rulemaking, CG Docket No. 02-278, 2024 WL 668031 (Feb. 15, 2024), at ¶ 19 (*available at* https://docs.fcc.gov/public/attachments/FCC-24-24A1.pdf). In its original notice of proposed rulemaking, the FCC proposal would have required callers to honor company-specific DNC requests within 24-hours. However, in its order, the FCC "revise[d] our proposed 24-hour timeframe" because it was "persuaded by the record, including comments from consumer organizations, that a longer timeframe is justified to ensure that entities, including smaller entities, have a reasonable opportunity to process do-not-call and revocation requests." *Id.*, ¶ 21. Here, the calls which Plaintiff alleges not only fall within the current 30-day time and the pending 10-business day timeframe, but also fall within the 24-hour period that the FCC felt was too short. In other words, there can be no factual dispute that the calls were non-actionable and that Defendant honored Plaintiff's request within a reasonable time.

subsections of § 64.1200(d) in the factual background section and does not supply an explanation as to **how** Defendant allegedly violated one or more of these subsections. As stated in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S., at 663. A pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Here, Plaintiff alleges "[t]he foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA," *see* ECF No. 1 at ¶ 60, but does ***not*** provide any support indicating that Defendant does not have procedures for an internal do-not-call list. Additionally, to the extent Plaintiff is contending that Defendant does not have a written policy, he would have no way of knowing—given that he failed to plead any information to suggest that he made a demand for a copy of same. Plaintiff's recital of the requirements of § 64.1200 does no more than make the unadorned, the-defendant-unlawfully-harmed-me accusation *Iqbal* warned against. Since Plaintiff offers no more than the language of the statute for his claim in Count II, this claim must fail as a matter of law.

## V.  CONCLUSION

For the reasons stated, Plaintiff lacks standing to assert the claims in his *Complaint*. Separately, because of Plaintiff's fundamental, incurable pleading deficiencies, he has also failed to state a viable TCPA claim and his *Complaint* should be dismissed with prejudice.

Respectfully submitted,

Dated: November 6, 2024      */s/Thomas P. Cialino*
                             **BLANK ROME LLP**
                             Jeffrey N. Rosenthal
                             Thomas P. Cialino
                             One Logan Sq., 130 N. 18th Street

12

Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5553
jeffrey.rosenthal@blankrome.com
thomas.cialino@blankrome.com
*Attorneys for Defendant*

13

**CERTIFICATE OF SERVICE**

I, Thomas Cialino, hereby certify that on November 6, 2024, a true and correct copy of the foregoing document was served upon the following individual via this Court's electronic filing system:

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
*Counsel for Plaintiff*

<u>/s/ Thomas P. Cialino</u>
Thomas P. Cialino