IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>PRO SOURCE LENDING GROUP LLC d/b/a FAST FUND GROUP, d/b/a FAST FUNDS GROUP & BRITTNEY WILSON<br><br>*Defendants.* | :<br>:<br>:<br>:<br>:<br>:  Civil Action No.: 2:24-cv-04394-GAM<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BRITTNEY WILSON'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

**I.    Introduction:**

Defendant, Brittney Wilson ("Wilson"), by and through her undersigned counsel, joins the Motion to Dismiss filed by her former employer and co-defendant, Pro Source Lending Group LLC d/b/a Fast Fund Group, d/b/a Fast Funds Group ("Pro Source") on January 6, 2025 (ECF No. 17, "Pro Source's Motion") and moves this Honorable Court to dismiss with prejudice the First Amended Class Action Complaint filed by Plaintiff James E. Shelton ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Accordingly, Wilson hereby incorporates by reference the Memorandum of Law (ECF No. 17-1) filed in support of Pro Source's Motion as if set forth herein in its entirety.

In addition to the reasons set forth in Pro Source's Motion, this Court should separately dismiss Plaintiff's claims against Wilson pursuant to Federal Rule of Civil Procedure 12(b)(6) because courts within the Third Circuit have recognized that the Telephone Consumer Protection

Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA") does not impose personal liability on individuals, like Wilson, who act on their employer's behalf.

## II.     Factual Background:

Plaintiff commenced this action by filing a Complaint against Pro Source on August 22, 2024.  ECF No. 1.  In the Complaint, Plaintiff alleged he received eight telemarketing communications from Pro Source on July 22-23, 2024—including five calls that were allegedly made and three texts that were allegedly sent to his cellphone in violation of the TCPA.  *See id.* ¶¶ 29-37.

Plaintiff joined Wilson to this case by filing an Amended Complaint (ECF No. 12, "Am. Compl.") on December 2, 2024, which alleges in relevant part as follows:

> 42. Specifically, on July 22, 2024 at 1:30 PM, the Plaintiff received a call from the Defendants at the Caller ID 561-260-XXXX in an attempt to sell him a loan.
>
> 43. Upon information and belief, this is Defendant Wilson's personal cell phone number.
>
> 44. Upon information and belief, Defendant Wilson is an employee of Defendant Pro Source.
>
> 45. Defendant Wilson personally registered, paid for, and sent some of the calls complained of herein, acting at the direction of her employer Pro Source and in an attempt to sell Pro Source's products and services. The telephone number 561-260-XXXX is in her personal name.
>
> 46. Defendant Wilson personally sent the illegal communications complained of from that number.
>
> 47. Defendant Wilson may be personally liable for the acts alleged in this Complaint with respect to her number pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his

>> employment, shall in every case be Case also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

Am. Compl. ¶¶42-47.

### III. <u>Legal Standard</u>:

Federal Rule of Civil Procedure 8(a)(2) requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While "detailed factual allegations" are not required at this stage, Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To wit, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.*

Although the Court must accept all factual allegations as true, that "tenet . . . is inapplicable to legal conclusions." *Id.* Critically, *Iqbal* requires a plaintiff provide factual allegations that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. The claim must be more than conceivable and must instead be facially plausible. *Twombly*, 550 U.S. at 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not show[n] [] 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

**IV.     Argument:**

In addition to the reasons set forth in Pro Source's Motion, this Court should separately dismiss Plaintiff's claims against Wilson pursuant to Federal Rule of Civil Procedure 12(b)(6) because courts within the Third Circuit have recognized that the TCPA does ***not*** impose personal liability on individuals who act on their employer's behalf.  *See Perrong v. Chase Data Corp.*, No. 22-2628, 2024 U.S. Dist. LEXIS 14907, at *7-8 (E.D. Pa. Jan. 26, 2024) (dismissing, with prejudice, TCPA claims against individual corporate agent); *KHS Corp. v. Singer Fin. Corp.*, 376 F. Supp. 3d 524, 530 (E.D. Pa. 2019) (finding no personal liability although defendant "personally directed and participated in" a TCPA violation); *see also City Select Auto Sales Inc. v. David Randall Assocs.,* 885 F.3d 154, 160 (3d Cir. 2018) (questioning whether individual liability is available under the TCPA against corporate agents acting on behalf of corporation); *Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-cv-00437, 2020 U.S. Dist. LEXIS 110453, *19 (M.D. Pa., June 23, 2020) (noting personal liability for corporate officers does "not appear to be a cognizable theory of liability under the TCPA.").

In *Perrong*—another TCPA case brought by Shelton's current counsel in this Court, Andrew Perrong, Esq.—Judge Pappert ***dismissed*** the individual defendant who was solely acting on behalf of a corporation in allegedly violating the TCPA.  *See* 2024 U.S. Dist. LEXIS 14907, at *7-8.  Specifically, the plaintiff in *Perrong* sued both a corporate defendant for sending him unsolicited text messages ***and*** its owner, who allegedly participated in sending said texts.  *Id.* at *1-2.  Judge Pappert granted the individual defendant's motion to dismiss because the "Third Circuit Court of Appeals has raised 'doubt' as to whether 'common-law-personal participation liability is available against corporate officers under the TCPA.'" 2024 U.S. Dist. LEXIS 14907, at *7-8, *citing City Select Auto Sales, Inc.*, 885 F.3d 154, 160 (3d Cir. 2018).  In particular, Judge

4

Pappert explained: "Since *City Select*, courts in this circuit have found that a corporate officer is **not liable under the TCPA common law personal liability principles**." 2024 U.S. Dist. LEXIS 14907, at *8 (emphasis added) (citing *KHS Corp.*, 376 F. Supp. 3d at 530; *Kline*, 2020 U.S. Dist. LEXIS 110453 at *19). The same result is warranted here.

Indeed, in *City Select*, the Third Circuit recognized: "Individuals ordinarily are shielded from personal liability when they do business in a corporate form, and it should not lightly be inferred that Congress intended to disregard this shield." 885 F.3d at 159 (quoting *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013)). Although the issue of individual liability was not specifically decided in *City Select*, the majority seriously questioned "whether Congress and the FCC intended that we look behind the corporate form and impose personal liability on officers who act on the corporation's behalf rather than their own."[1] *Id.*

Here, as in *Perrong*, Plaintiff admits that the individual defendant, Wilson, purportedly contacted him while acting on behalf of her employer, Pro Source. *See* Am. Compl. ¶45 ("Defendant Wilson personally registered, paid for, and sent some of the calls complained of herein, acting at the direction of her employer Pro Source and in an attempt to sell Pro Source's products and services."). Accordingly, this Court should dismiss with prejudice the Plaintiff's

---

[1] Shelton cites 47 U.S.C. § 217 to wrongly suggest Congress intended to hold individual defendants personally liable for TCPA violations they committed on behalf of their corporate employers. *See* Am. Compl. ¶47. Courts, however, have strictly interpreted 47 U.S.C. § 217 as narrowly applying only to individuals "engaged as a common carrier for hire." For instance, in *Hammann v. 1-800 Ideas.com, Inc.*, the court found that "the context of the common carrier regulations provided for in 47 U.S.C. §§ 201-217, does not support Plaintiff's interpretation of a 'person' which would extend liability beyond an individual 'engaged as a common carrier for hire' and impose liability on the employees and/or officers of such common carriers who have only engaged in such conduct through and for a corporation." 455 F. Supp. 2d 942, 960-61 (D. Minn. 2006); *see also Applestein v. Fairfield Resorts, Inc.*, No. 0004, 2009 Md. App. LEXIS 204, at *20 n.5 (Ct. Spec. App. July 8, 2009) ("That section has been held to be a '*respondeat superior*' doctrine for companies that are common carriers or users, not advertisers….").

individual TCPA claims against Wilson—just as Judge Pappert did against the individual defendant in *Perrong*. In fact, this basis for dismissing Wilson here is even more compelling than in *Perrong*. In that case, the individual defendant was the "owner" of the corporate defendant. Here, however, Plaintiff concedes Wilson is a mere "employee of Defendant Pro Source." *See* Am. Compl. ¶44. This places Wilson ***even further*** from the types of individuals to whom liability under the TCPA can and should attached. As a final point, any attempt by Plaintiff to further amend his Amended Complaint by naming another individual, owner, employee, and/or corporate agent at Pro Source would similarly fail and be futile for the same reasons articulated above. *See Perrong*, 2024 U.S. Dist. LEXIS 14907, at *7-8.

**V.    Conclusion:**

In addition to the reasons set forth in Pro Source's Motion, this Court should separately dismiss Plaintiff's claims against Wilson pursuant to Federal Rule of Civil Procedure 12(b)(6) because courts within the Third Circuit have recognized that the TCPA does ***not*** impose personal liability on individuals who act on their employer's behalf.

                                                 Respectfully submitted,

Dated: February 4, 2025           */s/ Joseph R. Heffern*
                                            Joseph R. Heffern (joe@rogerscounsel.com)
                                            Lance Rogers (lance@rogerscounsel.com)
                                            ROGERS COUNSEL
                                            26 E Athens Ave
                                            Ardmore, PA 19003
                                            (610) 285-8238
                                            (877) 649-1880 (fax)

                                            *Attorneys for Defendant Brittany Wilson*