**BLANK ROME LLP**
Jeffrey N. Rosenthal
Thomas P. Cialino
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5553
Facsimile: (215) 832-5553
jeffrey.rosenthal@blankrome.com
thomas.cialino@blankrome.com

*Attorneys for Defendant, Pro Source Lending Group LLC,*
*d/b/a Fast Fund Group, d/b/a Fast Funds Group*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| James E. Shelton, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group, *et al.*,<br><br>Defendants. | Civil Action No.: 2:24-cv-04394-GAM |

**DEFENDANT PRO SOURCE LENDING GROUP, LLC'S REPLY**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff James Shelton's ("Plaintiff") *Response in Opposition*, ECF No. 22 (the "Response"), to Defendant Pro Source Lending Group LLC d/b/a Fast Fund Group d/b/a Fast Funds Group's ("Pro Source") *Motion to Dismiss*, fails to remedy the fundamental deficiencies inherent in his *First Amended Class Action Complaint and Demand for Jury Trial* ("Amended Complaint") arising under the Telephone Consumer Protection Act ("TCPA"). ECF No. 12. Thus, the Amended Complaint should be dismissed with prejudice.

1

## I.    ARGUMENT

A.    **Plaintiff Remains Unable to Show That Do-Not-Call Protections Cover the Type of Business-to-Business Calls That Allegedly Gave Rise to this Action.**

Plaintiff concedes, as he must, *see* Resp. at 4, that this Court in *Shelton v. Target Advance LLC*, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019), dismissed his TCPA claims for lack of standing on the basis the telephone number at issue there and here (the "Phone Number") was used for business purposes. Plaintiff's Response nevertheless contends his alleged decision to stop using the Phone Number for business purposes can somehow *re*-confer such standing. Plaintiff is wrong.

Tellingly, Plaintiff only included these self-serving and unsupported allegations about how ***he believes*** the Phone Number was being used ***after*** Pro Source's initial *Motion to Dismiss* forced him to concede he has used it for business purposes, and has held it out to the world as a business number.[1] No amount of revisionist history can change the fact that Plaintiff held the Phone Number out to the general public as a business number—insofar as that deliberate choice is what prompted Pro Source to allegedly contact him about potential financing services ***for his business***.

Accordingly, even assuming *arguendo* that Plaintiff no longer uses the Phone Number for business purposes, this decision cannot change the outward perception of this number's purpose. Nor can it be used to salvage his deficient TCPA claims. Stated differently, once Plaintiff began using, at a minimum, the website for Final Verdict Solutions to notify the general public that the Phone Number was a business number, and to implicitly invite other businesses to place calls to the Phone Number, he became incapable of taking any action to erase this knowing decision.

---

[1] In fact, Plaintiff further concedes that he filed the Amended Complaint to "rectify the deficiencies in the original complaint regarding Plaintiff's use of the number." *See* Resp. at 2. Despite Plaintiff's concession that the information supplied in the initial Complaint concerning the very bedrock of his claims (*i.e.*, the subject telephone number) was deficiently pled, he now seeks to assure this Court that his amended claims are legally sufficient and may withstand Pro Source's *Motion to Dismiss*. Plaintiff is wrong.

Moreover, Plaintiff misinterprets this Court's ruling in *Shelton* and tries to limit its scope to cases where the number at issue was actively being used for business purposes. Resp. at 4-5. Not so. Even assuming Plaintiff no longer uses the Phone Number for business purposes, this Court already determined that because Plaintiff held this number out to the world as a business number ***it was improper for him to have <u>ever</u> registered it with the National Do Not Call Registry*** ("NDNC") for the purpose of avoiding business-to-business calls. 2019 WL 1641353, at *6. In addition, Plaintiff fails to cite any case law to support his strained argument that a plaintiff who lacked standing to assert a TCPA claim because he held his telephone number out to the world as a business number can unilaterally revive his ability to assert claims arising out of calls placed to that number simply by linking his existing business to a new number. Resp. at 8. To that end, *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 280 (S.D.N.Y. 2024), does not help Plaintiff's standing argument. *Id.* at 9. *Martin* involved a discussion of standing as it related to whether the defendant was properly identified as the entity that placed the calls at issue—ultimately deciding it was "an issue going to the complaint's merits, but not to the court's jurisdiction." 723 F. Supp. 3d at 279. *Martin* did **not** involve the novel theory of a plaintiff who could turn their Art. III standing off-and-on based on their own, subjective use of a phone number.

Similarly, Plaintiff's unavailing attempt to liken his holding out and use of the Phone Number for business purposes with individuals who occasionally receive and/or place calls for professional purposes on their personal residential telephones fails. Resp. at 9. So too should this Court disregard Plaintiff's attempt to distinguish himself from the serial plaintiff in *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016), insofar as he revealed in *Shelton* that he had filed at least 29 civil actions seeking relief under the TCPA as of 2019. Indeed, this was **18 more actions** than the plaintiff in *Stoops* filed and Plaintiff has likely a plethora of additional TCPA lawsuits during the nearly six years that have passed since *Shelton* was decided. *See* Dkt. 17-2,

Ex. C. Thus, if the plaintiff in *Stoops* was held to be underserving of the TCPA's protections, then Plaintiff is even less deserving here.

Similarly, Plaintiff misreads *Bank v. Indep. Energy Group LLC*, 2014 WL 4954618 (E.D.N.Y. Oct. 2, 2014) ("*Bank I*"). The Court in *Bank I* sought to determine whether the telephone line was considered "residential" under the TCPA. Plaintiff Bank argued for a bright line rule based entirely on ***how*** the number is registered with the company: if it is registered as a residential line, it is residential, no matter how the line is actually used. *Id*. at *3. The court agreed this was a good starting point. But went on to say, "***if the subscriber holds out such a telephone number to the general public as a business line***, the line ***should not be considered 'residential' for the purposes of the TCPA***—even if it is registered as 'residential' with the telephone company." *Id*. (emphasis added). Plaintiff turns a blind eye to this important distinction made in *Bank I*.

Indeed, *Bank I* made this focus even clearer when, in a subsequent order, it held "even if it is registered as 'residential' with the telephone company, … evidence [that] Bank held out the Subject Telephone to the public as a business line" warranted judgment in favor of the defendant. *See Bank v. Indep. Energy Group LLC*, 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015) ("*Bank II*"). Thus, the question in *Bank I* and *Bank II* was not whether plaintiff used his phone more for residential or business purposes. The question was does he use his phone for business ***at all***? The answer, in both *Bank*—and in this case—is a resounding yes; a fact Plaintiff does not dispute.

While Plaintiff alleges the plaintiff in *Bank* held his number out to the public more aggressively than Plaintiff did—*i.e.*, by listing it on a business card, on professional letterhead and in court filings—there is no reason to conclude the ruling was premised upon the ***methods*** used to advertise plaintiff Bank's number as one used for business purposes. Instead, the court focused upon the mere fact that plaintiff Bank held out his number to the public as a business line. Given

4

that Plaintiff made this same decision here, and similarly led the public to believe his Phone Number was for business purposes, Count I of the Amended Complaint remains legally deficient.

Next, Plaintiff's half-hearted attempt to distinguish *Worsham v. Disc. Power, Inc.*, 2021 WL 50922, at *4 (D. Md. Jan. 6, 2021), is even less persuasive, as it is based upon the erroneous notion he never held the Phone Number out to the public as a business number. He did. *See* Resp. at 12-13. As Pro Source asserted in the Motion to Dismiss, the website for Final Verdict Solutions contained the following message confirming Plaintiff utilized the Phone Number for business purposes:

> If you are reading this website, you are most likely a telemarketer that has illegally called my phone.
>
> You are going to be sued.
>
> I played along with your telemarketer script in order to find out who you really are. Now I am going to sue you for violating 47 U.S.C. § 227.
>
> Have a nice day. Put **484-626-3942** on your do not call list. Send me a copy of your do not call policy and hire a really good lawyer.

*See* Dkt. 17-2, Ex. B at 11 (emphasis added). As a result, there can be no dispute Plaintiff held the Phone Number out to the public as a business number. This is fatal to his TCPA claims.

Plaintiff also brazenly tries to introduce matters ***far outside*** the pleadings by asserting new facts, charts, partial conversations with defense counsel, and theories into the Response, *see* Resp. at 6, 12, that ***do not*** appear in the Amended Complaint. This is patently improper. *Alejandro v. Freedom Mortg. Corp.*, 2022 U.S. Dist. LEXIS 102069, at *5 (E.D. Pa. June 8, 2022) (McHugh, J.) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Plaintiff even goes as far as to attach a self-serving, four-page Declaration to the Response. *See* ECF No. 22-1. This Declaration is grossly improper and must be rejected. Indeed, these

extraneous, unsupported arguments and allegations ***cannot even be considered*** by this Court in deciding the Motion to Dismiss.[2]  Setting that aside, such arguments and material cannot alter the fact that Count I is fundamentally flawed—in that it is premised upon business-to-business calls that do not and cannot give rise to a viable § 227 claim under the TCPA.  *See* Sec. I.A. *supra*.

Plaintiff also tries to salvage his doomed claim by making vague references to a settlement agreement he reached with Pro Source in 2021.  *See* Resp. at 14-16.  This is a red herring.  Plaintiff neither enclosed a copy of this purported agreement to his pleadings, nor supplied a summary of its material terms.  And even if Plaintiff had attached a copy to his Response—which he did not—this Court would still be unable to consider such material on a motion to dismiss.  *Walsh v. Local 98, IBEW*, 534 F. Supp. 3d 430, 437 (E.D. Pa. 2021) (McHugh, J.) (declining "to consider the Secretary's exhibits attached to its responsive brief in deciding this motion [to dismiss]") (citations omitted).  Moreover, as Plaintiff well knows, that 2021 settlement involved text messages—not phone calls, which are at issue in this case.  Likewise, Pro Source denied any liability in connection with the subject text messages.  And more importantly, that 2021 agreement also contained a confidentiality provision that Plaintiff seems to have conveniently forgotten when amending his Amended Complaint.  Either way, the existence and/or nature of this purported settlement does not and cannot alter the nature of Plaintiff's Phone Number as being a business number.

---

[2] *See, e.g., Pommells v. State Farm Ins.*, 2019 U.S. Dist. LEXIS 92435, at *7-8 (E.D. Pa. June 3, 2019) (observing "[w]e cannot even consider Pommells' argument, however, because as State Farm points out, none of the facts related to Pommells' 'addition' of the 2013 Nissan Altima to her policy are alleged in the Complaint. . . .  Because Pommells does not assert any facts in her Complaint regarding changes to her policy after July 2012, we cannot consider them when deciding State Farm's Motion to Dismiss.") (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997) (noting district courts cannot go beyond the facts alleged in the complaint and supporting documents); *Thomas v. Phila. Hous. Auth.*, 2011 WL 3862245, at *2 n.15 (E.D. Pa. Aug. 30, 2011) (stating the court 'cannot consider the facts alleged in [the plaintiff's] motion papers in evaluating the sufficiency of her Complaint"); *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 474 n.21 (D.N.J. 1998) (stating the court cannot consider facts asserted in a brief that are outside the pleadings when ruling on a Rule 12(b)(6) motion)).

B. **Plaintiff Remains Unable to State a Claim Under 47 U.S.C. §227(b).**

As set forth more fully in the Motion to Dismiss, Count II of the Amended Complaint must be dismissed with prejudice because Plaintiff cannot show calls to the Phone Number were made to a "residential telephone subscriber." While Plaintiff alleges, in conclusory fashion, he falls within the scope of 47 C.F.R. § 64.2305(d)'s definition of "residential subscriber," he also concedes he used the Phone Number as the primary telephone number *for the business* Final Verdict Solutions. This admission forecloses any claim the Phone Number is "residential" in nature.

## II. CONCLUSION

For the reasons stated, Plaintiff lacks standing to assert the claims in his *Amended Complaint*. Separately, because of Plaintiff's fundamental, incurable pleading deficiencies, he has also failed to state a viable TCPA claim and his *Amended Complaint* should be dismissed with prejudice.[3]

Respectfully submitted,

Dated: February 12, 2025

/s/Thomas P. Cialino
**BLANK ROME LLP**
Jeffrey N. Rosenthal
Thomas P. Cialino
One Logan Sq., 130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
jeffrey.rosenthal@blankrome.com
thomas.cialino@blankrome.com
*Attorneys for Defendant, Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group*

---

[3] In addition to seeking the dismissal of the Amended Complaint, Pro Source intends to file a Motion to Stay Proceedings wherein it will ask this Court to issue a limited stay pending the issuance of the U.S. Supreme Court's forthcoming ruling in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, Case No. 23-1226. In *McLaughlin*, the Court will address the question of whether the Administrative Orders Review Act (the Hobbs Act) requires a district court to accept the Federal Communications Commission's legal interpretation of the TCPA. As Pro Source will set forth in its anticipated stay motion, the decision in *McLaughlin* may have a significant impact on the merits of Plaintiff's claims in this proceeding.

## **CERTIFICATE OF SERVICE**

I, Thomas Cialino, hereby certify that on February 12, 2025, a true and correct copy of the foregoing document was served upon the following individuals via this Court's electronic filing system or via electronic mail:

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
*Counsel for Plaintiff*

Joseph R. Heffern
Lance Rogers
Rogers Counsel
26 E. Athens Avenue
Ardmore, PA 19003
*Counsel for Defendant Brittney Wilson*

*/s/ Thomas P. Cialino*
Thomas P. Cialino