## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON,** individually and on behalf of all others similarly situated, | Case No. 24-4394 |
| *Plaintiff,* | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **PRO SOURCE LENDING GROUP LLC, D/B/A FAST FUND GROUP, D/B/A FAST FUNDS GROUP** | |
| **AND** | |
| **BRITTNEY WILSON** | |
| *Defendants.* | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BRITTNEY WILSON'S MOTION TO DISMISS

### I.  INTRODUCTION

Defendant Brittney Wilson is alleged to have personally placed some of the calls at issue in the Plaintiff's Amended Complaint as part of her employment with Defendant Pro Source Lending Group. Well established TCPA case law demonstrates that such actions are sufficient to impose direct personal liability on the individual caller who placed the calls at issue. To the extent that Wilson argues that this case should be dismissed for the same reasons articulated in Defendant Pro Source's Motion to Dismiss, and incorporates such arguments by reference, so too does the Plaintiff's response. Defendant Wilson's motion should therefore be denied in its entirety.

### II.  FACTUAL BACKGROUND

Plaintiff filed this action on August 22, 2024, which did not name Defendant Wilson. Thereafter, after ascertaining that Wilson personally placed at least some of the calls at issue

1

from her personal cell phone number, and correspondingly personally failed to honor the

Plaintiff's Do Not Call Requests, the Plaintiff filed an Amended Complaint (Am. Compl), ECF

No. 12, on December 2, 2024, to rectify the deficiencies in the original complaint regarding

Plaintiff's use of the number identified by Pro Source, as well as to add in an individual

defendant who is also liable for the conduct at issue. Defendant Wilson filed a motion to dismiss

this amended complaint (ECF No. 21), on February 4, 2025. This response follows.

### III.    LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint that fails to state a claim upon

which relief can be granted. In order to state a claim upon which relief can be granted, a

complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the

pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rather than require detailed pleadings, the

Rules demand only a "short and plain statement of the claim showing that the pleader is entitled

to relief, in order to give defendant fair notice of what the claim is and the grounds upon which it

rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up). The

requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint must

contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In determining whether a claim is plausible, the court must "draw on its judicial

experience and common sense." *Connelly*, 809 F.3d at 786–87. After identifying elements to set

forth a claim and removing conclusory allegations, the Court must accept all well-pled factual

allegations as true and determine if they give rise to relief. *Id.* A complaint may be dismissed

only where it appears that there are not "enough facts to state a claim that is plausible on its

face," not merely because the defendant proffers some contrary facts. *Twombly*, 550 U.S. at 570.

# IV.    ARGUMENT

A.    *To the extent that Wilson incorporates Pro Source's Motion, Plaintiff reincorporates his response as if set forth herein.*

Defendant Wilson's motion argues that it incorporates by reference and in its entirety co-Defendant Pro Source Lending Group's Memorandum of Law in support of Pro Source's Motion to Dismiss. However, Wilson does not advance any additional arguments or cases in this regard. As such, the Plaintiff respectfully rests upon and incorporates by reference and in its entirety his response in opposition to Pro Source's Motion to Dismiss as if fully set forth herein. ECF No. 22.

B.    *Defendant Wilson is personally liable for the TCPA violations alleged herein under well established TCPA case law.*

Defendant misstates the law that the TCPA "does not impose personal liability on individuals, like Wilson, who act on their employer's behalf." (Br. at p. 2). To the contrary, that assertion is belied by the actual text of the TCPA. The TCPA is part of the Communications Act of 1934, as amended, and the Communications Act contains a *respondeat superior* provision. *See* 47 U.S.C. § 217 ("[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as that of the person*.") (emphasis added). This provision applies when "construing and enforcing the provisions of the Communications Act," including the TCPA. *Reynolds Corp. v. National Operator Services, Inc.*, 73 F. Supp. 2d 299, 305 (W.D.N.Y. 1999).

District Courts across the country have consistently invoked this provision to apply to employees who have direct, personal involvement in the illegal conduct at issue, and held that the "any person" language in § 217 applies to all persons, including corporate officers and

employees. *See Williams v. Schanck*, No. 5:15-CV-01434-MHH, 2019 WL 4246570, at *4 (N.D. Ala. Sept. 6, 2019), *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), *Texas v. Am. Blast Fax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). Importantly, the Plaintiff's allegations go far beyond those in *Spurlark v. Dimension Serv. Corp.*, where the court imposed personal liability on an individual alleged to be "in charge of AAP's telemarketing and that he is personally liable for the acts alleged in the Complaint pursuant [sic] 47 U.S.C. § 217." No. 2:21-CV-3803, 2022 WL 2528098, at *5 (S.D. Ohio July 7, 2022).

It is on this point that the three cases cited by the Defendant are distinguishable. In *Perrong v. Chase Data Corp.*, this Court dismissed personal liability claims against the operator of a telephone service provider used by call centers because it held that the Plaintiff merely made "conclusory" statements reciting allegations "against [corporation] as instances where [owner] was "personally" involved." *Perrong v. Chase Data Corp.*, No. CV 22-2628, 2024 WL 329933, at *3 (E.D. Pa. Jan. 26, 2024). In that case, the owner was not alleged to have physically placed or had any personal involvement on the calls at issue, which were all placed by other individuals. And, in further justifying the dismissal of the claims against Mr. Macklai *as a corporate officer*, the Court pointed to the Third Circuit's decision in *City Select* and its progeny, analyzed *infra*, holding that the TCPA's imposition of *corporate officer* liability, as opposed to the direct personal-participation liability expressly authorized by the statute, was unclear. *Id.* at *4.

It is on the latter point that the case here is particularly distinguishable. Though liability against a corporate *officer* who had some degree of involvement placing the calls at issue, but which did not otherwise place the calls themselves may be unsettled and unclear, the TCPA unquestionably imposes personal participation liability for those who *actually* commit the telemarketing conduct at issue, both under the express text of the TCPA and under common law

4

personal liability principles. *KHS Corp. v. Singer Fin. Corp.*, 376 F. Supp. 3d 524, 530 (E.D. Pa. 2019)**.** In other words, Plaintiff here seeks to impose personal TPCA liability on Wilson *not* as the "captain of the ship"; but rather on Wilson as an *individual pirate* part of the boarding party boarding the proverbial ship.

As this Court observed in *KHS Corp.*: "Paul Singer [the individual] was not a "sender" under the TCPA, and is not personally liable under the text of the statute." *Id.* That is not the case here, where Defendant Wilson *is* the "sender" of the calls at issue because she is alleged to have personally placed and spoken to the Plaintiff *from her own cell phone*. Plaintiff here acknowledges that this case poses the somewhat unique circumstance of having received calls advertising Wilson's employer, Pro Source's, products and services, from *Defendant Wilson's personal cell phone number registered in her personal name*. (Am. Compl. ¶ 43, 45).

The Third Circuit clarified this distinction in *City Select*. In that case, the Third Circuit refused to impose personal TCPA liability on an individual who testified that he did not "create the advertisement Business Solutions sent; discuss anything related to the campaigns with Clemmer; review any communications to or from Clemmer relating to the fax blitzes; communicate with Business Solutions; or authorize any of the conduct at issue in the case." *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 157 (3d Cir. 2018). That is plainly not the case of what is alleged here, with Wilson alleged not only to have personally spoken to the Plaintiff about Pro Source's products and services, but also did so from *her own personal cell phone number*. That conduct is plainly prohibited by the TCPA, which imposes a requirement on "any person or entity making telephone solicitations," to scrub their numbers against the Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2); *City Select*, 885 F.3d at 159.

The Third Circuit went on to observe that the TCPA imposes personal liability on people

who "actually commit[] the conduct that violate[s] the TCPA," as Defendant Wilson here:

> Assuming that personal-participation liability is in fact available under the TCPA, a corporation's officer "may be personally liable under the [statute] if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." *Am. Blastfax*, 164 F.Supp.2d at 898; *see also, e.g.*, *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F.Supp.3d 1046, 1060 (D. Or. 2014); *Balt.–Wash. Tel. Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D. Md. 2008). In other words, a corporate officer can be personally liable if he "actually committed the conduct that violated the TCPA, and/or [he] actively oversaw and directed this conduct." *Am. Blastfax*, 164 F.Supp.2d at 897

*City Select*, 885 F.3d at 162. The claim here is similar, if not more direct, than the Court in

*Montelongo v. My Fin. Solutions LLC*, permitted to proceed, where the plaintiff sued a call

center employee who did not place the plaintiff on a do-not-call list and the employee's manager

who was responsible for "developing strategies to make unsolicited telemarketing calls" and

"responsible for receiving, maintaining, investigating and responding to complaints about TCPA

violations." No. SA-19-CV-00577-JKP, 2020 WL 210814, at *3 (W.D. Tex. Jan. 14, 2020). And

in *Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2022 WL 4088205, at *6–7 (W.D.

Tex. Sept. 6, 2022), the court imposed *vicarious* personal liability on an individual insurance

agent who was responsible for writing an insurance policy based on an illegal call initiated by an

unrelated, unnamed caller.

Defendant's attempt to distinguish 47 U.S.C. § 217 is similarly misplaced. That section

of the statute mirrors the same type of language imposing personal liability as the Third Circuit

acknowledged was common in other parts of federal law. "The United States Code abounds with

examples of Congress expressly authorizing personal-participation liability or something quite

like it. For example, corporate antitrust violations are 'deemed to be also that of the individual

directors, officers, or agents ... who shall have authorized, ordered, or done any of the acts

constituting in whole or in part such violation.'" *City Select*, 885 F.3d at 161 (citing 15 U.S.C. §

24). It is clear that Wilson is a *user* of a common carrier service, because she is a subscriber to a cell phone service that is "engaged in interstate or foreign communication by wire" and which "furnish[es] such communication service upon reasonable request therefor." 47 U.S.C. § 201. As such, she is clearly covered by Section 217's provisions, which plainly apply to "user[s]" of common carrier services and their employees.

At bottom, the circumstances here of a company's employee personally calling the Plaintiff, with her own personal cell phone, no less, in an attempt to sell Defendant Pro Source's products and services, is more than sufficient under any standard, both Section 217, the plain text of the statute, and the common law, to impose personal liability on Wilson.

## V.    CONCLUSION

This Court must deny Wilson's motion to dismiss in its entirety. Alternatively, to the extent that the Court finds that additional questions remain, it should permit the Plaintiff to amend to correct the deficiencies as necessary.

Dated: February 25, 2025

> /s/ Andrew Roman Perrong
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

February 25, 2025


<u>*/s/ Andrew Roman Perrong*</u>
Andrew Roman Perrong, Esq.