IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>PRO SOURCE LENDING GROUP LLC d/b/a FAST FUND GROUP, d/b/a FAST FUNDS GROUP & BRITTNEY WILSON<br><br>*Defendants.* | Civil Action No.: 2:24-cv-04394-GAM |

**REPLY IN SUPPORT OF
DEFENDANT BRITTNEY WILSON'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, Brittney Wilson ("Wilson"), by and through her undersigned counsel, submits this Reply in Support of her Motion to Dismiss. Because Wilson joined the Motion to Dismiss filed by her former employer and co-defendant, Pro Source Lending Group LLC d/b/a Fast Fund Group, d/b/a Fast Funds Group ("Pro Source") (ECF No. 17, "Pro Source's Motion"), Wilson also hereby incorporates by reference the Reply filed on February 12, 2025 in support of Pro Source's Motion (ECF No. 23) as if set forth herein in its entirety. In addition, Wilson briefly responds separately below to Shelton's Opposition to her Motion to Dismiss.

Shelton cites to a number of non-precedential district court cases from outside of the Third Circuit in an attempt to turn (as Shelton admits) a statutory provision codifying "*respondeat superior*" (47 U.S.C. § 217) on its head—in essence holding an employee liable for damages, resulting from actions taken entirely on behalf the employee's employer. The Third Circuit clearly questioned the wisdom of "whether Congress and the FCC intended that we look

behind the corporate form and impose personal liability on officers who act on the corporation's behalf rather than their own." *City Select Auto Sales Inc. v. David Randall Assocs.,* 885 F.3d 154, 159 (3d Cir. 2018). Furthermore, the district courts within the Third Circuit have resoundingly concluded that TCPA does ***not*** impose personal liability on individuals who act on their employer's behalf. *See Perrong v. Chase Data Corp.*, No. 22-2628, 2024 U.S. Dist. LEXIS 14907, at *8 (E.D. Pa. Jan. 26, 2024) ("Since *City Select*, courts in this circuit have found that a corporate officer is **not liable under the TCPA common law personal liability principles**.") (emphasis added); *KHS Corp. v. Singer Fin. Corp*., 376 F. Supp. 3d 524, 530 (E.D. Pa. 2019) (finding no personal liability although defendant "personally directed and participated in" a TCPA violation); *see also Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-cv-00437, 2020 U.S. Dist. LEXIS 110453, *19 (M.D. Pa., June 23, 2020) (noting personal liability for corporate officers does "not appear to be a cognizable theory of liability under the TCPA.").

      Indeed, Shelton struggles to distinguish Judge Pappert's decision to dismiss a corporate officer in *Perrong* by wrongly claiming: "In that case, the owner was not alleged to have physically placed ***or had any personal involvement*** on the calls at issue, which were all placed by other individuals." *See* Pltf.'s Opp. (ECF No. 25) at 4. Judge Pappert, however, clearly explained that the Plaintiff actually did allege ***personal involvement***: "Perrong's allegations about Macklai are conclusory; he merely recasts his allegations against Chase Data as instances where Macklai was 'personally' involved." *Perrong*, 2024 U.S. Dist. LEXIS 14907, at *7. Thus, there is no significant difference between the present case and *Perrong*. Accordingly, this Court should dismiss with prejudice the Plaintiff's individual TCPA claims against Wilson—just as Judge Pappert did against the individual defendant in *Perrong*.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 4, 2025 | */s/ Joseph R. Heffern* |
|  | Joseph R. Heffern (joe@rogerscounsel.com) |
|  | Lance Rogers (lance@rogerscounsel.com) |
|  | ROGERS COUNSEL |
|  | 26 E Athens Ave |
|  | Ardmore, PA 19003 |
|  | (610) 285-8238 |
|  | (877) 649-1880 (fax) |
|  | *Attorneys for Defendant Brittany Wilson* |

## CERTIFICATE OF SERVICE

        I, Joseph R. Heffern, hereby certify that on March 4, 2025, I caused a true and correct copy of the foregoing document to be served upon the following individuals *via* this Court's ECF system and/or by electronic mail:

| | |
|---|---|
| Andrew Roman Perrong, Esquire<br>Perrong Law LLC<br>2657 Mount Carmel Avenue<br>Glenside, Pennsylvania 19038<br>(215) 225 5529<br>a@perronglaw.com<br><br>*Attorney for Plaintiff James E. Shelton* | Thomas P. Cialino, Esquire<br>Jeffrey N. Rosenthal, Esquire<br>Blank Rome LLP<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA 19103<br>(215) 569-5668<br>Thomas.cialino@blankrome.com<br>Jeffrey.rosenthal@blankrome.com<br><br>*Attorneys for Defendant Pro Source Lending Group, LLC d/b/a Fast Fund Group, d/b/a Fast Funds Group* |

                                                                                      Respectfully submitted,

Dated: March 4, 2025                            */s/ Joseph R. Heffern*
                                                        Joseph R. Heffern (joe@rogerscounsel.com)
                                                        Lance Rogers (lance@rogerscounsel.com)
                                                        ROGERS COUNSEL
                                                        26 E Athens Ave
                                                        Ardmore, PA 19003
                                                        (610) 285-8238
                                                        (877) 649-1880 (fax)

                                                        *Attorneys for Defendant Brittany Wilson*