IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>PRO SOURCE LENDING GROUP LLC d/b/a FAST FUND GROUP, d/b/a FAST FUNDS GROUP & BRITTNEY WILSON<br><br>*Defendants.* | Civil Action No.: 2:24-cv-04394-GAM |

**DEFENDANT BRITTNEY WILSON'S ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Brittney Wilson ("Defendant Wilson"), by and through her attorneys, Rogers Counsel, hereby files this Answer to Plaintiff's Amended Complaint and responds as follows:

1. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

2. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

3. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

4. Admitted upon information and belief.

5. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

6. Admitted in part, denied in part. It is admitted only that Defendant Wilson is a resident of Florida. All other averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

7. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

8. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

9. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

10. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

11. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

12. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

13. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

14. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

15. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

16. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

17. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

18. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

19. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

20. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

21. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

22. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

23. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

24. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

25. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

26. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

27. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

28. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

29. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

30. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

31. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

32. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

33. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

34. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

35. Denied. These allegations are denied, and strict proof thereof is demanded at trial.

36. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

37. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

38. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

39. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

40. Denied. These allegations are denied, and strict proof thereof is demanded at trial.

41. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

42. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

43. Admitted in part and denied in part. It is only admitted that the mobile telephone number listed in this paragraph was Defendant Wilson's during the relevant time period. Defendant Wilson lacks personal knowledge with respect to the remaining specific averments of this paragraph. Accordingly, these remaining allegations are denied, and strict proof thereof is demanded at trial.

44. Denied. These allegations are denied, and strict proof thereof is demanded at trial.

45. Admitted in part and denied in part. It is only admitted that the mobile telephone number listed in this paragraph was Defendant Wilson's during the relevant time period. Defendant Wilson lacks personal knowledge with respect to the remaining specific averments of this paragraph. Accordingly, these remaining allegations are denied, and strict proof thereof is demanded at trial.

46. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

47. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

48. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

49. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

50. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

51. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

52. Admitted in part and denied in part. It is only admitted that the mobile telephone number listed in this paragraph was Defendant Wilson's during the relevant time period. Defendant Wilson lacks personal knowledge with respect to the remaining specific averments of this paragraph. Accordingly, these remaining allegations are denied, and strict proof thereof is demanded at trial.

53. Admitted in part and denied in part. It is only admitted that the mobile telephone number listed in this paragraph was Defendant Wilson's during the relevant time period. Defendant Wilson lacks personal knowledge with respect to the remaining specific averments of this paragraph. Accordingly, these remaining allegations are denied, and strict proof thereof is demanded at trial.

54. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

55. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

56. Admitted in part and denied in part. It is only admitted that the mobile telephone number listed in this paragraph was Defendant Wilson's during the relevant time period. Defendant Wilson lacks personal knowledge with respect to the remaining specific averments of this paragraph. Accordingly, these remaining allegations are denied, and strict proof thereof is demanded at trial.

57. Denied. These allegations are denied, and strict proof thereof is demanded at trial.

58. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

59. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

60. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

61. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

62. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

63. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

64. Denied. Defendant Wilson lacks personal knowledge with respect to the specific averments of this paragraph. Accordingly, these allegations are denied, and strict proof thereof is demanded at trial.

65. Denied. These allegations are denied, and strict proof thereof is demanded at trial.

66. Denied. Defendant Wilson hereby incorporates by reference all foregoing paragraphs in this Answer as if fully stated herein.

67. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

68. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

69. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

70. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

71. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

72. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

73. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

74. Denied. Defendant Wilson hereby incorporates by reference all foregoing paragraphs in this Answer as if fully stated herein.

75. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

76. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

77. Denied. These allegations are denied, and strict proof thereof is demanded at trial.

78. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

79. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

**COUNT II**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227 (c)(5) & 47 C.F.R. § 64.1200(d))**
**(On Behalf of Plaintiff and the Internal Do Not Call Registry Class)**

80. Denied. Defendant Wilson hereby incorporates by reference all foregoing paragraphs in this Answer as if fully stated herein.

81. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

82. Denied. The averments in the corresponding paragraph constitute conclusions of fact and/or law to which no response is required. To the extent that an answer is required, the allegations are denied, and strict proof thereof is demanded at trial.

83. Denied. These allegations are denied, and strict proof thereof is demanded at trial.

WHEREFORE, Defendant Wilson asks this Court to dismiss this civil action in its entirety with prejudice, deny Plaintiff any requested relief, and grant Defendants such relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived, relinquished, and/or abandoned his rights to recover herein, which are also barred, in whole or in part, by the doctrine of estoppel and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands and is therefore barred from asserting any claims against or seeking any equitable relief against Defendant Wilson.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from any recovery against Defendant Wilson by reason of its failure to mitigate his own damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover damages because Plaintiff did not incur any actual damages or injury.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of mistake.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the doctrine of *in pari delicto*.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the doctrine of impossibility.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Wilson is not the proximate or legal cause of Plaintiff's alleged damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims have been waived as a result of his own acts and/or his own contributory/comparative negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times, Defendant Wilson acted in a legally permissible, reasonable, and justifiable way.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of repose and statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own wrongdoing or bad faith.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own ratification, consent, acquiescence, or approval of any and all actions complained of in the Complaint.

### ADDITIONAL AFFIRMATIVE DEFENSES RESERVED

Defendant Wilson has not knowingly or intentionally waived any applicable affirmative defenses. Defendant Wilson hereby reserve her right to assert any other separate and affirmative defenses that discovery reveals to be applicable in this case, such that a failure to assert such separate and affirmative defenses herein does not constitute waiver of the same.

WHEREFORE, Defendant Wilson asks this Court to dismiss this civil action in its entirety with prejudice, deny Plaintiff any requested relief, and grant Defendants such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant Wilson hereby DEMANDS a trial by jury on all issues so triable.

                                            Respectfully submitted,

Dated: March 28, 2025                    */s/ Joseph R. Heffern*
                                            Joseph R. Heffern (joe@rogerscounsel.com)
                                            Lance Rogers (lance@rogerscounsel.com)
                                            ROGERS COUNSEL
                                            26 E Athens Ave
                                            Ardmore, PA 19003
                                            (610) 285-8238
                                            (877) 649-1880 (fax)

                                            *Attorneys for Defendant Brittney Wilson*