**BLANK ROME LLP**
Jeffrey N. Rosenthal
Thomas P. Cialino
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5553
Facsimile: (215) 832-5553
jeffrey.rosenthal@blankrome.com
thomas.cialino@blankrome.com

*Attorneys for Defendant, Pro Source Lending Group LLC,
d/b/a Fast Fund Group, d/b/a Fast Funds Group*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James E. Shelton, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group, *et al.*,<br><br>Defendants. | Civil Action No.: 2:24-cv-04394-GAM |

## DEFENDANT, PRO SOURCE LENDING GROUP, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
## FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Pro Source Lending Group LLC d/b/a Fast Fund Group d/b/a Fast Funds Group's ("Pro Source") hereby answers Plaintiff James E. Shelton's ("Plaintiff") First Amended Class Action Complaint and Demand for Jury Trial ("Amended Complaint") as follows:

In responding to the Amended Complaint, Pro Source denies all allegations contained therein unless specifically admitted below in response to the Amended Complaint.

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the Telephone Consumer Protection Act ("TCPA") speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 1.

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to

achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 2.

3.     The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Pro Source and Wilson violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 3.

**PARTIES**

4.     Plaintiff James E. Shelton is an individual residing in the Eastern District of Pennsylvania.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 4, and on that basis, denies each and every allegation contained in Paragraph 4.

170591.00002/153481320v.1

5.     Defendant Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group is a corporation owned by Alex Silverman and incorporated and having its principal place of business in Florida.

**ANSWER:** Admitted in part; denied in part.  It is admitted that Pro Source's principal place of business is located in Florida.  It is denied that Pro Source is a corporation insofar as it is a limited liability company.  The remaining allegations in Paragraph 5 are denied.

6.     Defendant Brittney Wilson is a natural individual and resident of Florida that placed at least some of the illegal calls complained of at issue here as part of her work for Defendant Pro Source, which such calls violated the TCPA.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegation in Paragraph 6 pertaining to Defendant Brittney Wilson's ("Wilson") place of residence.  The remaining allegations consist of legal conclusions to which no response is required.  To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 6.

## JURISDICTION AND VENUE

7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 7.

8.     This Court has specific personal jurisdiction over Defendants because Pro Source sells its loan products in this District and both Defendants called the Plaintiff at his 484- area code number to attempt to sell him a loan.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 8.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated into and sent to this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 9.

## BACKGROUND

**A.  The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

10.     The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 10.

11.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies

any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 11.

12.    A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 12.

13.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 13.

**B. THE TCPA REQUIRES ENTITIES TO HAVE SUFFICIENT POLICIES IN PLACE TO PREVENT UNWANTED CALLS BEFORE MAKING TELEMARKETING CALLS.**

14.    The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

170591.00002/153481320v.1

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 14.

15.    The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 15.

16.    Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 16.

17.    These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies

any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 17.

18.    Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 18.

19.    This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 19.

## FACTUAL ALLEGATIONS

20.    The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA speaks for itself and denies any allegations that are inconsistent

therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 20.

21.     At no point did the Plaintiff consent to receiving telemarketing calls from the Defendants prior to receiving the calls at issue.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 21.

22.     In fact, the Plaintiff had explicitly revoked any such consent and was placed on Pro Source's internal Do Not Call list as far back as 2021.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 22.

23.     Plaintiff's telephone number, (484) XXX-XXXX, is a residential, noncommercial telephone number.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 23, and on that basis, denies each and every allegation contained in Paragraph 23.  By way of further response, this Court previously held in *Shelton v. Target Advance LLC*, No. CV-18-2070, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019) ("*Shelton*") that the telephone number at issue in this case – (484) 626-3942 (the "Phone Number") – was used for business purposes in connection with Plaintiff's judgment collection business named Final Verdict Solutions.

24.     Mr. Shelton uses the number for personal, residential, and household reasons.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 24, and on that basis, denies each and every allegation contained in Paragraph 24.  By way of further response, this Court previously held in *Shelton* that the Phone Number was used for business purposes in connection with Plaintiff's judgment collection business named Final Verdict Solutions.

25.    Mr. Shelton does not use the number for business reasons or business use.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 25, and on that basis, denies each and every allegation contained in Paragraph 25.  By way of further response, this Court previously held in *Shelton* that the Phone Number was used for business purposes in connection with Plaintiff's judgment collection business named Final Verdict Solutions.

26.    The last time Mr. Shelton used the number for business reasons or business use was in 2019. At that time, as the Eastern District of Pennsylvania held, Mr. Shelton used the number as a mixed-use number.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 26, and on that basis, denies each and every allegation contained in Paragraph 26. By way of further response and as Plaintiff noted in Paragraph 26, this Court previously held in *Shelton* that the Phone Number was used for business purposes in connection with Plaintiff's judgment collection business named Final Verdict Solutions.

27.    However, since 2019, Mr. Shelton obtained a separate telephone number for that business for which he had previously used the (484) XXX-XXXX number. That new number for the business, Final Verdict Solutions, a business which collects judgments of all types and is a fictitious name for Mr. Shelton, and which is not at issue here, is (484) 312-3300.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 27, and on that basis, denies each and every allegation contained in Paragraph 27.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

28.     Mr. Shelton's personal (484) XXX-XXXX number does not appear and has not appeared on any website or any other service to which Mr. Shelton has held it out to the world as a business number since at least 2019.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 28, and on that basis, denies each and every allegation contained in Paragraph 28.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

29.     Mr. Shelton has not held the number out to the public as a business number, if at all, since May of 2019.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 29, and on that basis, denies each and every allegation contained in Paragraph 29.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

30.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 30, and on that basis, denies each and every allegation

11

contained in Paragraph 30. The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

31.    Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 31, and on that basis, denies each and every allegation contained in Paragraph 31. The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

32.    Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there in 2015, more than nine years prior to the calls at issue, and years prior to starting his business or using it in the interim time as a mixed-use number.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 32, and on that basis, denies each and every allegation contained in Paragraph 32. The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

33.    It is not possible to re-register a number on the Do Not Call Registry.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 33.

34.    The number was therefore properly registered on the Do Not Call Registry at the time of its registration.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 34.

35.    Plaintiff has never been a customer of Pro Source and never consented to receive calls from Pro Source.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 35.

36.    Defendant Pro Source has been a defendant in numerous TCPA suits. In fact, Defendant Pro Source has been sued numerous times by numerous plaintiffs for violating the TCPA and calling residential telephone numbers on the Do Not Call Registry to sell them loans.

**ANSWER:** Admitted in part and denied in part.  It is admitted that Pro Source has been a party to previous lawsuits whereby a plaintiff asserted a claim arising out of the TCPA.  However, Pro Source denies Plaintiff's insinuation that the mere fact that these lawsuits were filed constitutes proof that Pro Source violated the TCPA.  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a further response is required, Pro Source denies each and every one of these allegations.

37.    In fact, back in 2021, the Plaintiff settled with Pro Source for illegal calls nearly identical to the ones at issue here placed to the telephone number at issue here, thereby giving notice that Pro Source was not to call him.

**ANSWER:** Admitted in part and denied in part.  It is admitted that Plaintiff and Pro Source entered into a settlement agreement in 2021 (the "Prior Agreement").  By way of further response, the Prior Agreement contained a confidentiality provision that required Plaintiff and Pro Source to

13

maintain the terms, conditions and circumstances of the Prior Agreement as confidential. By seeking to divulge certain alleged terms of the Prior Agreement, Plaintiff has violated this confidentiality provision. In addition, the Prior Agreement is a document that speaks for itself and any mischaracterization of its terms is denied. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every one of these allegations.

38.     The Plaintiff was supposed to be, and in fact, to the best of Plaintiff's information and belief, was, placed on Defendant Pro Source's internal Do Not Call list as far back as the 2021 incident, if not earlier.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 38.

39.     Despite that fact, throughout July of 2024, the Plaintiff received multiple calls from agents of Pro Source who were attempting to sell him loans.

**ANSWER:** Admitted in part and denied in part. It is admitted that Pro Source's former employee (Wilson) placed calls to the Phone Number in or around July 2024. Upon information and belief, Pro Source – a company that provides financing services to businesses – placed these calls because Plaintiff held the Phone Number out to the public as a business number. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every one of these allegations.

40.     Accordingly, it is evident that the Defendant Pro Source has an internal do not call list, but does not follow it because Plaintiff received calls as alleged herein. Defendants therefore

14

violated the TCPA's prohibition against calling a numbers who have asked to be placed on Defendants' internal Do Not Call list.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 40.

41.    At the time of these calls complained of, as well as during the 2021 interaction, the calls were not made to a business number.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 41. By way of further response, this Court previously held in *Shelton* that Plaintiff used the Phone Number for business purposes.

42.    Specifically, on July 22, 2024 at 1:30 PM, the Plaintiff received a call from the Defendants at the Caller ID 561-260-XXXX in an attempt to sell him a loan.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 42, and on that basis, denies each and every allegation contained in Paragraph 42.

43.    Upon information and belief, this is Defendant Wilson's personal cell phone number.

**ANSWER:** Admitted.

44.    Upon information and belief, Defendant Wilson is an employee of Defendant Pro Source.

**ANSWER:** Denied. Wilson is no longer an employee of Pro Source.

45.    Defendant Wilson personally registered, paid for, and sent some of the calls complained of herein, acting at the direction of her employer Pro Source and in an attempt to sell Pro Source's products and services. The telephone number 561-260-XXXX is in her personal name.

**ANSWER:** Admitted in part and denied in part.  It is admitted that the telephone number referenced in Paragraph 45 is Wilson's personal cell phone number.  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 45.

46.    Defendant Wilson personally sent the illegal communications complained of from that number.

**ANSWER:** The allegations in the corresponding paragraph are not directed toward Pro Source and, therefore, no response is required.  By way of further response, this paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 46.

47.    Defendant Wilson may be personally liable for the acts alleged in this Complaint with respect to her number pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

**ANSWER:** The allegations in the corresponding paragraph are not directed toward Pro Source and, therefore, no response is required.  By way of further response, this paragraph consists

16

of legal conclusions to which no response is required.  To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 47.

48.     Wilson personally committed the TCPA-violative conduct at issue because she personally sent the calls from her dual use cell phone, which she also uses for business purposes, and personally sent those calls, as well as orchestrating the services to be in her personal name.

**ANSWER:** The allegations in the corresponding paragraph are not directed toward Pro Source and, therefore, no response is required.  By way of further response, this paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 48.

49.     The foregoing facts demonstrate that Wilson had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

**ANSWER:** The allegations in the corresponding paragraph are not directed toward Pro Source and, therefore, no response is required.  By way of further response, this paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 49.

50.     Thereafter, the Plaintiff received an email with a proposed loan application. The Plaintiff declined to sign the application at 1:41 PM. In so doing, the individual with whom he spoke, Defendant Wilson, was notified that the Plaintiff was not interested and to stop calling.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 50, and on that basis, denies each and every allegation contained in Paragraph 50.

51.     Despite this, the Plaintiff also received a text message shortly after that at 1:46 PM from Defendant Wilson. The message read, "*This is Brittney from fast funds group lock me in any question you have feel free to contact me anytime Brittney@fastfundsgroup.com*"

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 51, and on that basis, denies each and every allegation contained in Paragraph 51.

52.     The calls continued incessantly, including that same day at 3:39 PM from an individual named "Sean" with Fast Funds Group from the caller ID 954-803-8199. Plaintiff also received a call at 3:48 PM from Defendant Wilson at the same caller ID 561-260-XXXX.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 52, and on that basis, denies each and every allegation contained in Paragraph 52.

53.     Thereafter, the calls continued. The Plaintiff received yet another text message from Wilson at 561-260-XXXX, on July 22, 2024 at 3:50 PM, stating, "*Good afternoon James Sean my underwriter just spoke with you about the application and sending the bank statements if you like you can tell your assistant to give me a call.*"

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 53, and on that basis, denies each and every allegation contained in Paragraph 53.

54.     The Plaintiff received a call the following day at 10:03 AM from the same caller ID. Upon information and belief, Defendant Brittney Wilson made the call, who by this point had already received actual notice of the Plaintiff's declination to sign the loan application and that the

Plaintiff wanted the calls to stop and as the personal recipient thereof had a reasonable amount of time, a few hours and a day, respectively, to comply with the request.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 54, and on that basis, denies each and every allegation contained in Paragraph 54.   The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

55.    Tired of the incessant calls, the Plaintiff emailed Brittney@fastfundsgroup.com at 10:03 AM a third do not call request stating, "*Hi Brittney please stop calling me thank you!*" This was acknowledged via a reply email at 10:09 AM from Brittney which read "*Will do, thank you.*"

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 55, and on that basis, denies each and every allegation contained in Paragraph 55.

56.    The illegal calls nevertheless continued, including a text message from Defendant Wilson at 10:06 AM from 561-260-XXXX, which read, "*Good morning James reaching out to see where are we with the application and your assistant giving me a call to provide me the EIN number .. text me back to let me know are you moving forward . Enjoy ur day*"

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 56, and on that basis, denies each and every allegation contained in Paragraph 56.

57.    Defendant Wilson sent this message despite the fact that she herself acknowledged the Plaintiff's third do not call request personally.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 57.

58.    The Plaintiff received at least one final call on July 23, 2024 at 11:17 AM from 954-803-8199.

**ANSWER:** Pro Source lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 56, and on that basis, denies each and every allegation contained in Paragraph 56.

59.    All the calls and text messages were sent to attempt to sell the Plaintiff loans.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 59.

60.    Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 60.

61.    The calls were unwanted.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 61.

62.    The calls were nonconsensual encounters.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 62.

63.    Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 63.

64.    Plaintiff never provided his consent or requested the calls.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 64.

65.    Plaintiff and the Class have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 65.

## CLASS ACTION ALLEGATIONS

66.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** This incorporation requires no answer.

67.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants encouraging the purchase of Pro Source's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendants at the time of the calls, (4) who had previously asked for the calls to stop or for a copy of Defendants' Do Not Call Policy and (5) within the four years prior to the filing of the Complaint.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Pro Source denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 67.

68.    **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records, or those of their agents.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Pro Source denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 68.

69.    **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendants' telemarketing calls

and Class members sustained similar injuries and damages as a result of Defendants' uniform illegal conduct.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Pro Source denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 69.

70.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendants have no defenses unique to Plaintiff.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Pro Source denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 70.

71.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a.    Whether Defendants obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b.    whether Defendants recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

c.    Whether Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

d.    Whether Defendants should be held liable for violations committed on its behalf; and

e.    Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Pro Source denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 71.

72.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Pro Source denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 72.

73.    In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), Plaintiff satisfies

the requirements for maintaining a class action under Fed. R. Civ. P. 23(b) because:

        a.     The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

        b.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

        c.     Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

        d.     Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

        **ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Pro Source denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 73.

### COUNT I

### Violations of the TCPA, 47 U.S.C. § 227

### (On Behalf of Plaintiff and the National DNC Class)

        74.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** This incorporation requires no answer.

75.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 75.

76.     Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 76.

77.     These violations were willful or knowing.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 77.

78.     As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's national do-not-call rule, Plaintiff

26

and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 78.

79.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 79.

**COUNT II**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))**
**(On Behalf of Plaintiff and the Internal Do Not Call Registry Class)**

80.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** This incorporation requires no answer.

81.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 81.

82.    Defendants' violations were negligent, willful, or knowing.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 82.

83.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Pro Source states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Pro Source denies each and every allegation contained in Paragraph 83.

## AFFIRMATIVE DEFENSES

Pro Source asserts the following affirmative defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiff. All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. All defenses pleaded below are based upon Pro Source's current understanding of the claims asserted by Plaintiff, and Pro Source reserves the right to plead additional defenses when and if

170591.00002/153481320v.1

they become appropriate and/or available in this action. Pro Source may assert additional affirmative defenses to which it may be entitled, or which may be developed during discovery, including unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes insofar as class certification has not been granted and is not appropriate. In further response to the Amended Complaint, Pro Source asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Amended Complaint and each purported claim contained therein fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Article III Standing)

The Court lacks the necessary subject matter jurisdiction over the claims that Plaintiff has asserted because Plaintiff has not alleged or suffered a particularized, concrete harm, fairly traceable to Pro Source's alleged conduct, to satisfy Article III standing.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

The Amended Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative classes lacks standing because they have not incurred a loss.

### FOURTH AFFIRMATIVE DEFENSE
### (No Statutory Standing)

Plaintiff is not within the "zone of interests" protected by the TCPA and thus lacks statutory standing to assert such claims against Pro Source.

### FIFTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA violates the First Amendment of the U.S. Constitution on its face and as applied.

170591.00002/153481320v.1

## SIXTH AFFIRMATIVE DEFENSE
### (Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which the Amended Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE
### (Due Process)

The statutory damages allowed under the TCPA violate Pro Source's substantive due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, as they are grossly disproportionate to the damages incurred by Plaintiff, which are inconsequential or immaterial.

## EIGHTH AFFIRMATIVE DEFENSE
### (Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the putative classes are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE
### (Prior Express Consent)

The Amended Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative classes provided consent for the alleged text message calls and calls to Pro Source, or any third-party not named in the Amended Complaint, including, without limitation, "prior express consent" under the TCPA.

### TENTH AFFIRMATIVE DEFENSE
### (Not a Residential Telephone Line)

The Phone Number is not a "residential telephone number" actionable under the TCPA and its implementing regulations because Plaintiff currently holds and/or previously held this number out to the public as a business number.  In addition, the Phone Number is not a "residential telephone number" actionable under the TCPA and its implementing regulations because, in creating 47 U.S.C. § 64.1200, the Federal Communications Commission exceeded its authority in extending the protections afforded to "residential telephone subscribers" under 47 U.S.C. §227(c) to cell phones.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel, Laches, Unclean Hands, Ratification, Satisfaction, and Statute of Limitations)

The claims asserted in the Amended Complaint are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, ratification, satisfaction and/or applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or their claims are barred by estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Pro Source, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Pro Source at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Plaintiffs' Own Actions or Inaction)

Plaintiff's damages, and the damages of the members of the putative classes, if any, have been caused by his own action or inaction.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Defenses Specific to Class Members)

Pro Source may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed classes. Pro Source reserve the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Law)

Pro Source is not liable to Plaintiff or members of the putative classes because Pro Source acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Duplicative Relief)

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by Plaintiff in other lawsuits, subjecting Pro Source to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

170591.00002/153481320v.1

## NINETEENTH AFFIRMATIVE DEFENSE
### (Settlement Credits)

In the event that a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity on the other hand, Pro Source is entitled to any settlement credits permitted by law.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Not Knowing or Willful)

Plaintiff is precluded from any recovery from Pro Source for a willing and knowing violation of the TCPA because any such violation, which Pro Source denies occurred, would not have been willful or knowing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Loss)

Plaintiff's claims are barred because Plaintiff was not charged for the text messages referenced in the Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Mitigation)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate any of his alleged damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction – Non-Resident Putative Class Member(s))

The Court lacks personal jurisdiction over Pro Source as to the claims of any non-resident putative class member(s). *See Bristol-Myers Squibb v. Super. Ct. of Calif.*, 137 S. Ct. 1773 (2017).

170591.00002/153481320v.1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Claims Barred by Other States' Laws)

Plaintiff's claims, and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure to Plead Basis for Class Certification)

Plaintiff has not pled an adequate basis for class certification and that class relief or certification is appropriate because the required elements of adequacy, commonality, typicality and preponderance are not present in the instant case.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Class Certification Cannot be Met)

The pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure cannot be met because, among other reasons, joinder of all members of the putative class is not practicable; individual questions of fact and law predominate over common issues; Plaintiff's claims are not typical of the claims and/or defenses of other putative class members; Plaintiff is not an adequate representative for the putative class; and a class action is not superior to other available methods of fair and efficient adjudication of the controversy.  In addition, the prerequisites for class certification cannot be met because the claims alleged, by their nature, raise factual issues of reliance, intent and other elements that cannot be addressed on a class basis.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Established Business Relationship)

Plaintiff's claims are barred by the existence of the established business relationship exception to claims under the TCPA.

170591.00002/153481320v.1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Pro Source reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Pro Source requests that the Court enter a judgment against Plaintiff and for Pro Source:

1.    That Plaintiff take nothing by reason of the Amended Complaint;

2.    That judgment be entered in favor of Pro Source and against Plaintiff;

3.    For costs incurred by Pro Source herein, if and to the extent permitted by law; and

4.    Granting such other and further relief as this Court may deem just and proper.


Respectfully submitted,

Dated: March 28, 2025            */s/Thomas P. Cialino*
                                 **BLANK ROME LLP**
                                 Jeffrey N. Rosenthal
                                 Thomas P. Cialino
                                 One Logan Sq., 130 N. 18th Street
                                 Philadelphia, PA 19103
                                 Tel.: (215) 569-5553
                                 Fax: (215) 832-5553
                                 jeffrey.rosenthal@blankrome.com
                                 thomas.cialino@blankrome.com

                                 *Attorneys for Defendant, Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group*

## CERTIFICATE OF SERVICE

I, Thomas Cialino, hereby certify that on March 28, 2025, a true and correct copy of the

foregoing document was served upon the following individuals via this Court's electronic filing

system:

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
*Counsel for Plaintiff*

Joseph R. Heffern
Lance Rogers
Rogers Counsel
26 E. Athens Avenue
Ardmore, PA 19003
*Counsel for Defendant Brittney Wilson*


*/s/ Thomas P. Cialino*
Thomas P. Cialino

170591.00002/153481320v.1