**BLANK ROME LLP**
Jeffrey N. Rosenthal
Thomas P. Cialino
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5553
Facsimile: (215) 832-5553
jeffrey.rosenthal@blankrome.com
thomas.cialino@blankrome.com

*Attorneys for Defendant, Pro Source Lending Group LLC,*
*d/b/a Fast Fund Group, d/b/a Fast Funds Group*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| James E. Shelton, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group, *et al.*,<br><br>Defendants. | Civil Action No.: 2:24-cv-04394-GAM |

## DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant, Pro Source Lending Group LLC d/b/a Fast Fund Group, d/b/a Fast Funds Group ("Pro Source"), by and through its undersigned counsel, hereby moves this Honorable Court to stay this action pending the U.S. Supreme Court's forthcoming decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp. (*"McLaughlin"), Case No. 23-1226, 145 S. Ct. 116 (U.S. 2024).

**PLEASE TAKE FURTHER NOTICE** that Pro Source shall rely upon the Memorandum of Law filed in support of this Motion.

A proposed form of Order is also being submitted.

                                                        Respectfully submitted,

Dated: March 28, 2025                    */s/Thomas P. Cialino*

                                                  **BLANK ROME LLP**
                                                  Jeffrey N. Rosenthal
                                                  Thomas P. Cialino
                                                  One Logan Sq., 130 N. 18th Street
                                                  Philadelphia, PA 19103
                                                  Tel.: (215) 569-5553
                                                  Fax: (215) 832-5553
                                                  jeffrey.rosenthal@blankrome.com
                                                  thomas.cialino@blankrome.com
                                                  *Attorneys for Defendant, Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group*

**BLANK ROME LLP**
Jeffrey N. Rosenthal
Thomas P. Cialino
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5553
Facsimile: (215) 832-5553
jeffrey.rosenthal@blankrome.com
thomas.cialino@blankrome.com

*Attorneys for Defendant, Pro Source Lending Group LLC,*
*d/b/a Fast Fund Group, d/b/a Fast Funds Group*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| James E. Shelton, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group, *et al.*,<br><br>Defendants. | Civil Action No.: 2:24-cv-04394-GAM |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO STAY PROCEEDINGS**

Defendant Pro Source Lending Group LLC d/b/a Fast Fund Group d/b/a Fast Funds Group ("Pro Source"), through its undersigned counsel, respectfully requests that this Court stay this action pending the U.S. Supreme Court's forthcoming decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp. ("McLaughlin")*, Case No. 23-1226, 145 S. Ct. 116 (U.S. 2024).

**I.    FACTUAL BACKGROUND**

Plaintiff, James E. Shelton ("Plaintiff"), initiated this putative telemarketing class action against Pro Source on August 22, 2024, by filing a Complaint.  ECF No. 1.  Plaintiff alleged Pro

1

Source made unsolicited phone calls and sent unsolicited text messages to his cellphone in or around July 2024. *Id.* Based on these contentions, Plaintiff alleged violations of the Telephone Consumer Protection Act ("TCPA"), the National Do Not Call Registry ("NDNC"), and the statute's implementing regulations (47 C.F.R. § 64.1200). *Id.* Pro Source thereafter filed a Motion to Dismiss with respect to Plaintiff's Complaint (the "Motion to Dismiss") on November 6, 2024. ECF No. 7. In lieu of filing a response to the Motion to Dismiss, Plaintiff filed a First Amended Class Action Complaint and Demand for Jury Trial (the "Amended Complaint") on December 2, 2024. ECF No. 12. In the Amended Complaint, Plaintiff alleges that the calls that Pro Source allegedly made to his cellphone can give rise to a TCPA claim pursuant to 47 U.S.C. § 227(c) because these calls fall within the scope of a telephone solicitation to a "residential telephone subscriber" as that phrase is used in 47 C.F.R. § 64.1200. Pro Source then filed a Motion to Dismiss Plaintiff's Amended Complaint on January 6, 2025, and this Court denied Pro Source's Motion in an Order and Opinion dated March 14, 2025. *See* ECF Nos. 17, 27, 28.

With this case on the precipice of proceeding costly and time-consuming class discovery, Pro Source respectfully moves this Court for a limited stay of these proceedings pending the Supreme Court's decision in *McLaughlin* given that said decision will have a significant impact on one of the primary arguments that Pro Source will be advancing in this case. Any stay would be of a very limited duration given that the Supreme Court granted *certiorari* in *McLaughlin* on October 4, 2024, held argument on January 21, 2025, and is expected to issue a decision before its current term concludes in June 2025. In *McLaughlin*, the Question Presented is "Whether the Hobbs Act required the district court … to accept the FCC's legal interpretation of the Telephone Consumer Protection Act." *See* Ex. A. The Supreme Court's decision will have a significant impact upon the merits of Plaintiff's claims, and whether this Court is required to defer to the

2

Federal Communications Commission's ("FCC") interpretation of the TCPA when determining whether Plaintiff – or any member of the putative class – can assert a claim that arises out of an alleged call that was made to a cellphone.

Namely, Pro Source respectfully contends that following the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), this Court must make its own independent determination of whether, in creating 47 U.S.C. § 64.1200, the FCC exceeded its authority in extending the protections afforded to "residential telephone subscribers" under 47 U.S.C. §227(c) to cell phones. Thus, if the Supreme Court holds courts are not required to accept the FCC's legal interpretation of the TCPA, Pro Source respectfully submits that consumers such as Plaintiff and certain putative class members will not possess a private right of action to assert a claim under 47 U.S.C. § 227(c) that arises out of alleged calls that are made to a cellphone that is purportedly listed on the NDNC.[1]

As set forth more fully below, any stay of this matter would be brief and would not cause Plaintiff to incur any prejudice at this early stage of the proceedings. In addition, the issuance of a stay would promote judicial economy and streamline this Court's resolution of this matter. As a result, Pro Source respectfully requests that this Court grant the instant motion and stay these proceedings until after the Supreme Court issues its ruling in *McLaughlin*.

## II. ARGUMENT

### A. Legal Standard for Motion to Stay.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*,

---

[1] This Court has suggested the consensus among courts in the Third Circuit is "Do Not Call claims ***may*** apply to cell phones." *Dudley v. Vision Solar, LLC*, 2021 WL 3077557 (E.D. Pa. July 21, 2021) (emphasis added). But the Middle District of Pennsylvania confirmed the Third Circuit "has not expressly decided this issue." *Jackson v. Direct Building Supplies LLC*, 2024 WL 184449, at *4 (M.D. Pa. Jan. 17, 2024).

3

299 U.S. 248, 254 (1936)); *see also Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (in exercising its discretion, "a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues); *U.S. v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) (internal citation omitted) ("The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication."). "Central to this power is a court's ability to hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Resco Products, Inc. v. Bosai Minerals Group Co., Ltd.*, 2010 WL 2331069, at *4 (W.D. Pa. June 4, 2010). "Tellingly, courts have stayed proceedings in numerous cases where another pending action contained similar questions of fact or law." *Id*.

In deciding whether to grant a stay, district courts in the Third Circuit weigh four factors: "(1) the length of the requested stay; (2) the hardship that the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy." *In re Chickie's & Pete's Wage and Hour Litigation*, 2013 WL 2434611, at *2 (E.D. Pa. June 5, 2013).

### B. Each of the *Landis* Factors Supports a Stay.

#### 1. Plaintiff Would Not Be Harmed by a Brief Stay at This Early Stage of This Proceeding Pending the Supreme Court's Decision in *McLaughlin*.

As an initial matter, a stay will not harm Plaintiff because this matter is still in the pleading stages and no discovery has been exchanged. This fact alone weighs in favor of granting a stay since staying a case that is in an early stage of litigation advances judicial efficiency and maximizes the likelihood that neither the court nor the parties expend their assets addressing invalid claims. *Destination Maternity Corp. v. Target Corp.*, 12 F.Supp.3d 762, 770 (E.D. Pa. 2014). Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work

4

ahead for the parties and the court. *Id.*; *see also Frey v. Frontier Utilities Northeast LLC*, 2021 WL 322818, at *2 (E.D. Pa. Feb. 1, 2021) (finding that the lack of a trial date and the fact that discovery issues remain weigh in favor of granting a request for a stay).

Plaintiff will suffer no cognizable harm or inconvenience beyond a brief delay which, standing alone, is insufficient to defeat an otherwise appropriate request for stay. *NFC Technology LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (noting a delay in vindicating rights, absent specific prejudice, is present in every stay and "is therefore not sufficient, standing alone, to defeat a stay motion").  By contrast, proceeding with this litigation while *McLaughlin* is pending threatens to render Plaintiff's efforts in this case futile should the Supreme Court hold district courts are not required to accept the FCC's legal interpretation of the TCPA.

Moreover, any stay of this case would almost certainly be of a relatively short duration. The Supreme Court heard oral argument in *McLaughlin* in January 2025; it is anticipated that a decision will be issued in or before June 2025.  As such, Plaintiff will suffer no prejudice if this Court imposes a stay of approximately three months.  In addition, a stay is favored because Plaintiff does not allege Pro Source continues to contact him in the Amended Complaint. Courts have recognized a plaintiff who is asserting a TCPA claim—but is no longer receiving telephone calls— faces no risk of ongoing harm.  *See e.g. Reynolds v. Time Warner Cable, Inc.*, 2017 WL 362025, at *2 (W.D.N.Y. Jan. 25, 2017) (finding minimal prejudice to plaintiff in staying TCPA case when the defendant had stopped making calls at issue); *Lambert v. Buth-Na-Bodhaige, Inc.*, 2014 WL 4187250, at *2 (E.D. Cal. Aug. 21, 2014) ("[B]ecause there is no indication that Plaintiff has received any text messages from Defendants since October 18, 2013, she is not suffering continuing harm and thus will not be prejudiced by a stay"); *Gusman v. Comcast Corp.*, 2014 WL

5

2115472, at *4 (S.D. Cal. May 21, 2014) (plaintiff would not be prejudiced by a stay because "he stopped receiving calls in the Fall of 2013 and the case is in the early stages of litigation").

Because any stay in this matter will be brief and will occur before discovery has commenced, the first and third *Landis* factor weigh in favor of the issuance of a stay.

### 2. **Pro Source Will Be Harmed if This Matter is Not Stayed.**

If this matter is not stayed, Pro Source will be greatly prejudiced in that it will expend significant time and resources proceeding to class discovery and motion practice that may need to be repeated or that may prove to be moot depending on the Supreme Court's ruling in *McLaughlin*. Denying a request for a stay in a TCPA case while *McLaughlin* is pending may harm both parties in that it would require them to expend resources litigating whether Plaintiff and putative class members have a private right of action to assert claims pursuant to 47 U.S.C. §227(c) that are premised upon alleged calls made to a cellphone.

In addition, it is well-settled that a stay is favored when proceeding with a case gives rise to the potential for the parties and the court to have to duplicate their prior efforts. *Rose v. Wells Fargo Advisors, LLC*, 2016 WL 3369283, at *2 (N.D. Ga. June 14, 2016) (defendant "may suffer hardship in conducting discovery and trial preparation in light of the uncertain differences between 'potential' capacity and 'theoretical' capacity under the definition of an ATDS"); *Errington v. Time Warner Cable Inc.*, 2016 WL 2930696, at *4 (C.D. Cal. May 18, 2016) (staying case pending Supreme Court's decision regarding scope of an ATDS because defendant "may suffer hardship in conducting discovery and trial preparation"); *Ramirez v. Trans Union, LLC*, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015) (staying action pending Supreme Court's ruling because the defendant faced "the risk of unnecessary proceedings and expenses" if the case was not stayed").

Accordingly, a stay is appropriate pursuant to the third *Landis* factor.

6

### 3. A Stay Will Simplify this Case and Conserve Judicial Resources.

Because the Supreme Court's ruling in *McLaughlin* will be critical to this Court's adjudication of Plaintiff's TCPA claim and its determination as to whether Plaintiff possesses a private right of action to assert a TCPA claim arising out of calls that were allegedly made to his cellphone, the issuance of a stay would streamline this case and promote the notion of judicial economy. *See, e.g., In re Pittsburgh Corning Corp.*, 2012 WL 2368388, at *5 (W.D. Pa. June 21, 2012) (stating the purpose of a stay order is to "avoid duplication of efforts and conserve judicial resources"); *Cunningham v. Homeside Financial, LLC*, 2017 WL 5970719, at *1-2 (D. Md. Dec. 1, 2017) (staying TCPA case pending Supreme Court ruling clarifying the scope of an ATDS); *Frable v. Synchrony Bank*, 215 F. Supp.3d 818, 822 (D. Minn. 2016) (holding that awaiting a decision clarifying the meaning of ATDS will "help streamline the legal issues and focus discovery"). Moreover, at least one district court has stayed a TCPA case pending the Supreme Court's decision in *McLaughlin*. *See* Ex. B (copy of the United States District Court for the Northern District of Georgia's docket in *Loudermilk v. Maelys Cosmetics USA Inc.*, Case No. 1:24-cv-01866-AT).

As a result, the issuance of a stay is appropriate because it will act to conserve judicial resources and streamline the parties' resolution of this matter.

7

## III. CONCLUSION

For the foregoing reasons, Pro Source respectfully requests that this Court enter an Order staying this matter pending the Supreme Court's decision in *McLaughlin*.

Respectfully submitted,

Dated: March 28, 2025

*/s/Thomas P. Cialino*
**BLANK ROME LLP**
Jeffrey N. Rosenthal
Thomas P. Cialino
One Logan Sq., 130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5553
jeffrey.rosenthal@blankrome.com
thomas.cialino@blankrome.com
*Attorneys for Defendant, Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group*

## CERTIFICATE OF SERVICE

I, Thomas Cialino, hereby certify that on March 28, 2025, a true and correct copy of the foregoing document was served upon the following individuals via this Court's electronic filing system:

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
*Counsel for Plaintiff*

Joseph R. Heffern
Lance Rogers
Rogers Counsel
26 E. Athens Avenue
Ardmore, PA 19003
*Counsel for Defendant Brittney Wilson*

*/s/ Thomas P. Cialino*
Thomas P. Cialino

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James E. Shelton, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group, *et al.*,<br><br>Defendants. | Civil Action No.: 2:24-cv-04394-GAM |

## ORDER

**THIS MATTER** having been brought before the Court on the motion of Defendant, Pro Source Lending Group LLC, d/b/a Fast Fund Group, d/b/a Fast Funds Group, for an Order staying these proceedings (the "Motion"), and this Court having considered the Motion and any opposition thereto, and for good cause having been shown:

**IT IS** on this ____ day of _____, 2025, **ORDERED** that:

1. The Motion is **GRANTED**; and

2. The above-referenced case is hereby **STAYED** pending the U.S. Supreme Court's adjudication of *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, which is pending at Case No. 23-1226 ("*McLaughlin*"); and

3. The parties shall notify this Court of the final outcome of *McLaughlin* within fourteen (14) days of the U.S. Supreme Court's decision. An order re-opening this case will be entered thereafter.

_____
The Honorable Gerald A. McHugh, U.S.D.J.